# EXHIBIT N

**ORDINANCE 23-O-22** amending the Murfreesboro City Code, Chapter 21 Offenses and Miscellaneous Provisions, Article I, Section 22, regarding community decency standards.

**WHEREAS,** in order to promote health, safety, and the general welfare of the community, the City Council may regulate conduct on City property;

**WHEREAS**, communities have the right to establish and preserve contemporary community standards and to define appropriate and acceptable conduct that is consistent with those standards and which may be openly displayed within the community or conducted in a public space;

**WHEREAS,** under Tennessee law, the City Council, collectively as elected officials representing the community, may establish rules with respect to community decency that regulate activities and conduct in public spaces, including parks, streets, public squares, sidewalks, other areas open to the public, and public buildings, including establishing penalties for conduct that violates these rules; and

**WHEREAS,** rules governing community decency should reflect generally accepted standards of behavior and conduct, as judged by an average member of the community, and should encourage and promote respectful and considerate behavior that is neither harmful nor demeaning towards others; and

**WHEREAS**, under and consistent with the First Amendment to the U.S. Constitution, rules governing community decency can include provisions that define and restrict nudity, public indecency, and lewd and sexually explicit conduct, as well as any behavior that violates state law; and

**WHEREAS,** the City also has a sacred trust of surpassing importance and therefore a compelling governmental interest in the protection of children by safeguarding them from behavior, material, and events that predominantly appeal to prurient interest, are patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors; and, when taken as a whole, lack serious literary, artistic, political, or scientific value; and

**WHEREAS,** the interest in protecting and safeguarding children from conduct and material deemed harmful to minors is especially heightened in shared public spaces where children are commonly present; and

**WHEREAS,** the City Council believes in its considered legislative judgment that it is in the best interests of the City to require persons utilizing City property pursuant to a special event permit, use agreement, or otherwise abide by certain standards with respect to community decency.

DocuSign Envelope ID: F0D6FA67-88C9-4A50-9287-3E2396FA4F4E

NOW, THEREFORE BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF MURFREESBORO, TENNESSEE, AS FOLLOWS:

SECTION 1. Chapter 21 of the Murfreesboro City Code is hereby amended by creating the following new section:

"Section 21-22  Community Decency Standards.

(A)  *Purpose and Interpretation.*

(1)  By setting forth in ordinance contemporary decency standards, City Council intends to fulfill its responsibility to promote the health, safety, rights, prosperity, and general welfare of the citizens of Murfreesboro by providing a measure to assist in the determination of conduct, materials, and events that may be judged as obscene or harmful to minors in accordance with the social morals of the community.

(2)  This ordinance shall be implemented and interpreted to promote public decency and maintain a family-friendly environment in public places and protect against potential harm to minors from public expressions that appeal to prurient interests and are patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors.

(B)  *Definitions.* For purposes of this section, the following terms shall have the meanings ascribed to them below:

(1)  *Indecent behavior* means indecent exposure, public indecency, lewd behavior, nudity or sexual conduct as defined in Section 21-71 of the Murfreesboro City Code, breach of the peace, and any other conduct that violates Tennessee Code, Title 39, Chapter 13, Part 5, Chapter 17, Parts 3, 4, 9, 10, or 11 or Murfreesboro City Code, Section 21-72 or 21-73; provided, however, indecent behavior does not include the exposure of the breast by a nursing mother or to the nudity of individuals in locker rooms or other designated spaces while they are changing clothes or showering.

(2)  *Indecent materials or events* means printed materials, broadcasts, shows, parades, or other such displays that suggest, advertise, or display indecent behavior or that is harmful to minors.

(3)  *Person* means a natural person, an unincorporated group or association of natural persons, a partnership, a limited liability company, a corporation, or any other organization or club.

(4)  *Public space* includes, for purposes of this section: (a) any real property owned or controlled by the City that is open to the general public, including but not limited to parks, streets, sidewalks, plazas, or other public areas or facilities; (b) public transportation vehicles; and (c) any real property utilized by another local government entity that receives funding or in-kind assistance from the City.

(C)  *Prohibited Conduct.*

(1)  No person shall knowingly while in a public space engage in indecent behavior, display, distribute, or broadcast indecent material, conduct indecent events, or facilitate any of the foregoing prohibited acts, or otherwise subject minors to a prurient interest or to behaviors, materials, or events that are patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors.

(2)  No funds appropriated by City Council shall be knowingly: (a) used to facilitate indecent behavior, the display, distribution, or broadcast of indecent materials, or the conducting of indecent events; or (b) used to expose or subject minors in any other manner to behavior, materials, or events that predominantly appeals to the prurient interest of minors

and that is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors.

(3)    The prohibition on the use of City funds in subsection (2) does not apply: (a) to the identification, removal, and disposal of materials that violate subsection (2); or (b) to materials, performances, or exhibitions that, when taken as a whole, expresses matters of serious literary, artistic, scientific, or political value.

(D)    *Enforcement*

(1)    The Chief of Police shall be responsible for administering and enforcing the provisions of this Article. The City Manager may authorize other City departments to assist the Chief of Police in enforcing this Article.

(2)    Any Murfreesboro Police Officer shall have the authority to investigate suspected violations of this section.

(3)    Any action prohibited under this section shall constitute disorderly conduct, and any Murfreesboro Police Officer, upon probable cause, may order a person to cease any conduct reasonably believed to violate this section. Failure to comply with such order shall be addressed in accordance with applicable state law.

(E)    *Penalties; Forfeiture of Use*

(1)    Any person who knowingly engages in conduct prohibited by this section, whether pursuant to a permit, use agreement, or otherwise, shall be barred from sponsoring an event held in a public space pursuant to a permit issued by or use agreement with the City, and from performing, selling goods or services, or exhibiting materials at any such event, for two (2) years from when notice of such violation is issued by the City. In addition, any application for a permit or use agreement to use public space for any reason by an entity controlled by that person shall be denied for two (2) years from when notice of such violation is issued by the City.

(2)    Any person who knowingly engages in conduct prohibited by this section in the presence of minors and that thereby subjects minors to indecent behavior, materials, or an event while in a public space, whether pursuant to a permit, use agreement, or otherwise, in lieu of the penalty under subsection (1), shall be barred from sponsoring an event held on a public space pursuant to a permit issued by or use agreement with the City and from performing, selling goods or services, or exhibiting materials at any such event for five (5) years from when notice of such violation is issued by the City. In addition, any application for a permit or use agreement to use for any reason by an entity controlled by that person shall be denied for five (5) years from when notice of such violation is issued by the City.

(3)    Upon receiving credible evidence that a person has knowingly engaged in conduct prohibited by this section, the Chief of Police or the Director of Code Enforcement shall issue and serve such person with a written notice of violation that sets forth the evidence that the person engaged in the prohibited conduct and orders the person to show cause why the person should not forfeit the right to use City property as provided in subsections (E)(1) or (2).

(4)    A person served with a notice of violation and order to show cause may within thirty (30) days of service file a written response to the order contesting the allegations set forth in the notice of violation and requesting a show cause hearing before the City Manager. Failure to file a written request for a hearing within thirty (30) days of service shall result in a waiver of the right to a hearing and shall issue a final written order imposing the penalties set forth in subsections (E)(1) or (2).

(5)    The City Manager, or such other employee designated by the City Manager, shall conduct a show cause hearing within fifteen (15) days

of the City's receipt of the written request for a hearing, unless the parties agree to extend the time for such hearing in writing. If the respondent should request to extend the time for the hearing, the respondent shall agree to forfeit the right to sponsor an event held in a public space pursuant to a permit issued by, or use agreement with, the City, and from performing, selling goods or services, or exhibiting materials at any such event during the pendency of the proceeding.

(6) At the show cause hearing, the respondent may be represented by legal counsel, and both the City and the person responding to the notice of violation shall have the opportunity to present evidence and testimony with respect to the allegations and to cross-examine the other party's witnesses. For purposes of this section, the standard of proof for determining whether a person engaged in prohibited conduct shall be the preponderance of the evidence, including, but not limited to, evidence that a person acts knowingly with respect to a minor's age if the person has general knowledge of, reason to know, or a belief or ground for belief which warrants further inspection or inquiry of the minor's age; provided however, the person has made a reasonable attempt to ascertain the true age of such minor and that attempt produced reasonably bona fide evidence of that the person is an adult.

(7) The City Manager or the City Manager's designee shall issue a written final decision on the matter within fifteen (15) days of the hearing.

(7) No penalty set forth herein is intended to supplement and not diminish the sanctions or penalties of City ordinance or state law for the same conduct.

(8) Any person who utilizes funds in violation of this section may be subject to additional civil or criminal penalties for the misappropriation of public funds.

(F) *Severability.* If any provision, sentence, or clause of this section is for any reason found to be unconstitutional, illegal, or invalid, that finding shall not affect or impair any of the remaining provisions, sentences, or clauses of this section. It is hereby declared by the City that this section would have been adopted had such unconstitutional, illegal, or invalid provision, sentence, or clause not been included herein."

**SECTION 2.** This Ordinance shall take effect fifteen (15) days after its passage upon second and final reading, the public welfare and the welfare of the City so requiring.

Passed:
1st reading MAY 25, 2023
2nd reading JUNE 15, 2023

Shane McFarland, Mayor

ATTEST:

APPROVED AS TO FORM

Jennifer Brown
City Recorder

Adam F. Tucker
City Attorney

SEAL

23-O-22 Community Decency Standards, MCC Section 21-22 4884-0225-7254 v.5.docx 4