# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **TENNESSEE EQUALITY PROJECT FOUNDATION, INC.,** | |
| **Plaintiff,** | **Case No. 3:23-cv-01044** |
| **v.** | **Chief Judge Waverly D. Crenshaw** |
| **THE CITY OF MURFREESBORO, et al.,** | **Magistrate Judge Barbara D. Holmes** |
| **Defendants.** | |

## INITIAL CASE MANAGEMENT ORDER

**A.      JURISDICTION**: The court has jurisdiction pursuant to Article III, § 2 of the United States Constitution and 28 U.S.C. §§ 1331, 1343, and 1376(a).

**B.      BRIEF THEORIES OF THE PARTIES**:

**For Plaintiff:**  Plaintiff Tennessee Equality Project ("TEP") is a non-profit organization that advocates for the equal rights of LGBTQ+ people in Tennessee.  In this action, TEP has challenged two Murfreesboro City ordinances that violate the First and Fourteenth Amendments to the U.S. Constitution, as well as the Tennessee Constitution, and challenged certain actions and policies of the City of Murfreesboro, Mayor McFarland, and City Manager Tindall, as an unlawful deprivation of constitutional rights provided by the First and Fourteenth Amendments to the U.S. Constitution.

Specifically, TEP challenges the recently-enacted Murfreesboro City Ordinance 23-O-22, which modified Murfreesboro City Code Section 21-22 (as amended, the "Ordinance"), as the Ordinance constitutes unconstitutional content- and viewpoint-based discrimination, is unconstitutionally over broad and vague, and constitutes unconstitutional discrimination based on sex and sexual orientation.  Compl. Counts I-IV.

TEP also challenges Murfreesboro City Code Section 21-71 (the "1977 Definition") and its incorporation into the Ordinance, as the 1977 Definition constitutes unconstitutional content- and viewpoint-based discrimination, is unconstitutionally overbroad and vague, constitutes unconstitutional discrimination based on sex and sexual orientation, and is a Bill of Attainder in violation of Article I, Section 10, clause 1 of the United States Constitution. *Id.* at Counts VII-XI.

Finally, TEP asserts three causes of action against the City, McFarland, and Tindall under 42 U.S.C. Section 1983, based on these three Defendants' unconstitutional implementation of a policy of prohibiting the issuance of any permits to TEP (Count XII), unconstitutional denial of TEP's request for a permit for 2023 BoroPride (Count XIII and XIV).

TEP seeks declarations of unconstitutionality, a preliminary and permanent injunction on enforcement of the unconstitutional ordinances and policy, compensatory damages, punitive damages against the City, McFarland, and Tindall, attorneys' fees, costs, and expenses.

**For Defendants the City of Murfreesboro, TN; the City Council of Murfreesboro, TN; and all City Officials in their official capacities:** The City of Murfreesboro, Tennessee; the City Council of Murfreesboro, Tennessee; Shane McFarland, in his official capacity; Craig G. Tindall, in his official capacity; Michael Bowen, in his official capacity; Kevin Jones, in his official capacity; Jami Averwater, in her official capacity; Madelyn Scales Harris, in her official capacity; Austin Maxwell, in his official capacity; Kirt Wade, in his official capacity; and Shawn Wright, in his official capacity, have all been sued in this case and deny any alleged constitutional violations.

**For Defendants Craig Tindall and Shane McFarland, in their individual capacities:** City Manager Craig Tindall and Mayor Shane McFarland have been sued in their individual capacities. City Manager Tindall and Mayor McFarland incorporate the City's theory above and deny a constitutional violation. In addition, City Manager Tindall and Mayor McFarland assert the

2

affirmative defense of qualified immunity. They did not violate a clearly established constitutional right at the time of the events alleged in the Complaint. Mayor McFarland also asserts legislative privilege.

**C.      ISSUES RESOLVED:**  Jurisdiction and venue.

**D.      ISSUES STILL IN DISPUTE:**  At this point, all remaining issues are still in dispute or may be in dispute, pending Defendants' answer or response to the Complaint, proposed to be due on November 15, 2023.  These include:

1)      Is the Ordinance an unconstitutional content and/or viewpoint based restriction on speech?

2)      Is the Ordinance unconstitutionally overbroad?

3)      Is the Ordinance unconstitutionally vague?

4)      Does the Ordinance constitute unconstitutional discrimination based on sex and/or sexual orientation?

5)      Does the Ordinance constitute unlawful content and/or viewpoint based discrimination in violation of the Tennessee Constitution?

6)      Does the Ordinance constitute unlawful discrimination based on sex or sexual orientation in violation of the Tennessee Constitution?

7)      Are the 1977 Definition and its incorporation into the Ordinance unconstitutional content and/or viewpoint based restrictions on speech?

8)      Do the 1977 Definition and its incorporation into the Ordinance constitute unconstitutional discrimination based on sex and/or sexual orientation?

3

9) Do the 1977 Definition and its incorporation into the Ordinance constitute unlawful content and/or viewpoint based discrimination in violation of the Tennessee Constitution?

10) Do the 1977 Definition and its incorporation into the Ordinance constitute unlawful discrimination based on sex or sexual orientation in violation of the Tennessee Constitution?

11) Are the 1977 Definition and its incorporation into the Ordinance an unlawful Bill of Attainder in violation of Article I, Section 10, clause 1 of the United States Constitution?

12) Did the City, McFarland, and Tindall violate 42 U.S.C. § 1983 by implementing a policy prohibiting the issuance of permits to TEP?

13) Was the denial of TEP's permit request for the 2023 BoroPride Festival by the City, McFarland, and Tindall a violation of the First Amendment and 42 U.S.C. § 1983?

14) Was the denial of TEP's permit request for the 2023 BoroPride Festival by the City, McFarland, and Tindall a violation of the Fourteenth Amendment and 42 U.S.C. § 1983?

15) Is TEP entitled to a preliminary and permanent injunction against the enforcement of the Ordinance, the 1977 Definition, and/or the City policy against issuing permits to TEP?

16) Is TEP entitled to recover compensatory damages and punitive damages against Defendants and attorneys' fees, costs, and expenses against the City, McFarland, and Tindall?

4

**E.      INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) <u>within 30 days of the initial case management conference</u>.

**F.      CASE RESOLUTION PLAN AND JOINT ADR REPORTS:**  By no later than <u>February 1, 2024</u>, the parties shall submit a joint report to advise the Court that the parties made a good-faith effort to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR. An updated joint report, including whether the parties request referral of the case for ADR, shall be filed no later than sixty (60) days in advance of the deadline for the filing of dispositive motions.

**G.      DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before <u>July 1, 2024</u>. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good-faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than <u>July 16, 2024</u>.

**H.      MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than <u>December 15, 2023</u>.

**I.      DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before <u>August 1, 2024</u>. The  defendants shall identify and disclose any rebuttal expert witnesses and reports on or before <u>September 3, 2024</u>.

No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

**J.      DEPOSITIONS OF EXPERT WITNESSES:** All experts shall be deposed by no later than <u>October 1, 2024</u>.

**K.      SUBSEQUENT CASE MANAGEMENT CONFERENCE.** A subsequent case management conference shall be held on _____ to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters.

**L.      DISPOSITIVE MOTIONS:** Dispositive motions shall be filed by no later than November 6, 2024. Responses to dispositive motions shall be filed within 28 days after the filing of the motion (December 4, 2024). Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response (December 18, 2025) and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**M.      ELECTRONIC DISCOVERY.** The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No.174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.

**N.      ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The jury or bench trial of this action is expected to last approximately 10 days. A trial date no earlier than April 1, 2025, is respectfully requested.

It is so ORDERED.

_____

United States Magistrate Judge

6

Proposed By:

/s/  Samantha A. Burnett
Samantha A. Burnett
Howell & Fisher, PLLC
3310 West End Avenue
Suite 550
Nashville, TN 37203
(615) 244-3370
Fax: (615) 244-3518
Email: sburnett@howell-fisher.com

Robert M. Burns
Howell & Fisher, PLLC
3310 West End Avenue
Suite 550
Nashville, TN 37203
(615) 921-5211
Fax: (615) 244-3518
Email: rburns@howell-fisher.com

*Counsel for Defendants the City of Murfrees-boro, Tennessee; the City Council of Murfreesboro, Tennessee; and individual Defendants in their official capacities*

/s/  Cassandra M. Crane
Cassandra M. Crane
Farrar Bates Berexa
12 Cadillac Drive
Suite 480
Brentwood, TN 37027
(615) 254-3060
Fax: 615-254-9835
Email: ccrane@fbb.law

Kristin E. Berexa
Farrar Bates Berexa
12 Cadillac Drive
Suite 480
Brentwood, TN 37027
(615) 254-3060
Fax: 615-254-9835
Email: kberexa@fbb.law

*Counsel for Defendants Shane McFarland and Craig Tindall, in their individual capacities*

/s/  D. Alan White
Michael P. Robotti (*pro hac vice*)
Jacquelyn N. Schell (*pro hac vice*)
Catherine I. Seibel (*pro hac vice*)
D. Alan White (*pro hac vice*)
Andrew M. Hensley (*pro hac vice*)
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
(212) 223-0200
robottim@ballardspahr.com
schellj@ballardspahr.com
seibelc@ballardspahr.com
whiteda@ballardspahr.com
hensleyd@ballardspahr.com

Alex Little, # 029858
Burr Forman LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
(615) 724-3200
alex.little@burr.com

Stella Yarbrough, # 033637
Lucas Cameron-Vaughn, # 036284
Jeff Preptit, # 038451
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org

Li Nowlin-Sohl (*pro hac vice forthcoming*)
(admitted only in Washington)
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org

*Counsel for Plaintiff*

7

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the foregoing was filed electronically with the Court's Electronic Case Filing System (CM/ECF) on November 8, 2023, which will provide notice to all counsel of record electronically.

/s/ *D. Alan White*
D. Alan White
