**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **TENNESSEE EQUALITY PROJECT FOUNDATION, INC.,** | |
| **Plaintiff,** | **Case No. 3:23-cv-01044** |
| **v.** | **Chief Judge Waverly D. Crenshaw, Jr.** |
| **THE CITY OF MURFREESBORO, et al.,** | **Magistrate Judge Barbara D. Holmes** |
| **Defendants.** | |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on November 13, 2023. Counsel participating were: Jacquelyn Schell, Michael Robotti, and Stella Yarbrough for Plaintiff; Robert Burns and Samantha Burnett for the City Defendants (City of Murfreesboro, City Council of Murfreesboro, Shane McFarland in his official capacity, Craig Tindall in his official capacity, Michael Bowen, Jami Averwater, Madelyn Harris, Austin Maxwell, Kirt Wade, and Shawn Wright); and, Cassandra Crane and Kristin Berexa for Defendants Shane McFarland and Craig Tindall in their personal capacities. From discussion with Chief Judge Crenshaw, the parties' proposed initial case management order (Docket No. 32), and discussion during the initial case management conference, the following case management schedule is adopted, subject to further order:

**A.     JURISDICTION**: The court has jurisdiction pursuant to Article III, § 2 of the United States Constitution and 28 U.S.C. §§ 1331, 1343, and 1376(a).

**B.     BRIEF THEORIES OF THE PARTIES**:

**For Plaintiff:**  Plaintiff Tennessee Equality Project ("TEP") is a non-profit organization that advocates for the equal rights of LGBTQ+ people in Tennessee.  In this action, TEP has challenged two Murfreesboro City ordinances that violate the First and Fourteenth Amendments

to the U.S. Constitution, as well as the Tennessee Constitution, and challenged certain actions and policies of the City of Murfreesboro, Mayor McFarland, and City Manager Tindall, as an unlawful deprivation of constitutional rights provided by the First and Fourteenth Amendments to the U.S. Constitution.

Specifically, TEP challenges the recently-enacted Murfreesboro City Ordinance 23-O-22, which modified Murfreesboro City Code Section 21-22 (as amended, the "Ordinance"), as the Ordinance constitutes unconstitutional content- and viewpoint-based discrimination, is unconstitutionally over broad and vague, and constitutes unconstitutional discrimination based on sex and sexual orientation. Compl. Counts I-IV.

TEP also challenges Murfreesboro City Code Section 21-71 (the "1977 Definition") and its incorporation into the Ordinance, as the 1977 Definition constitutes unconstitutional content- and viewpoint-based discrimination, is unconstitutionally overbroad and vague, constitutes unconstitutional discrimination based on sex and sexual orientation, and is a Bill of Attainder in violation of Article I, Section 10, clause 1 of the United States Constitution. *Id*. at Counts VII-XI.

Finally, TEP asserts three causes of action against the City, McFarland, and Tindall under 42 U.S.C. Section 1983, based on these three Defendants' unconstitutional implementation of a policy of prohibiting the issuance of any permits to TEP (Count XII), unconstitutional denial of TEP's request for a permit for 2023 BoroPride (Count XIII and XIV).

TEP seeks declarations of unconstitutionality, a preliminary and permanent injunction on enforcement of the unconstitutional ordinances and policy, compensatory damages, punitive damages against the City, McFarland, and Tindall, attorneys' fees, costs, and expenses.

**For Defendants the City of Murfreesboro, TN; the City Council of Murfreesboro, TN; and all City Officials in their official capacities:** The City of Murfreesboro, Tennessee; the City

Council of Murfreesboro, Tennessee; Shane McFarland, in his official capacity; Craig G. Tindall, in his official capacity; Michael Bowen, in his official capacity; Kevin Jones, in his official capacity; Jami Averwater, in her official capacity; Madelyn Scales Harris, in her official capacity; Austin Maxwell, in his official capacity; Kirt Wade, in his official capacity; and Shawn Wright, in his official capacity, have all been sued in this case and deny any alleged constitutional violations.

**For Defendants Craig Tindall and Shane McFarland, in their individual capacities:** City Manager Craig Tindall and Mayor Shane McFarland have been sued in their individual capacities. City Manager Tindall and Mayor McFarland incorporate the City's theory above and deny a constitutional violation. In addition, City Manager Tindall and Mayor McFarland assert the affirmative defense of qualified immunity. They did not violate a clearly established constitutional right at the time of the events alleged in the Complaint. Mayor McFarland also asserts legislative privilege.

    **C.**     **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**     **ISSUES STILL IN DISPUTE:** At this point, all remaining issues are still in dispute or may be in dispute, pending Defendants' answer or response to the Complaint, proposed to be due on November 15, 2023. These include:

    1)     Is the Ordinance an unconstitutional content and/or viewpoint based restriction on speech?

    2)     Is the Ordinance unconstitutionally overbroad?

    3)     Is the Ordinance unconstitutionally vague?

    4)     Does the Ordinance constitute unconstitutional discrimination based on sex and/or sexual orientation?

5)    Does the Ordinance constitute unlawful content and/or viewpoint based discrimination in violation of the Tennessee Constitution?

6)    Does the Ordinance constitute unlawful discrimination based on sex or sexual orientation in violation of the Tennessee Constitution?

7)    Are the 1977 Definition and its incorporation into the Ordinance unconstitutional content and/or viewpoint based restrictions on speech?

8)    Do the 1977 Definition and its incorporation into the Ordinance constitute unconstitutional discrimination based on sex and/or sexual orientation?

9)    Do the 1977 Definition and its incorporation into the Ordinance constitute unlawful content and/or viewpoint based discrimination in violation of the Tennessee Constitution?

10)    Do the 1977 Definition and its incorporation into the Ordinance constitute unlawful discrimination based on sex or sexual orientation in violation of the Tennessee Constitution?

11)    Are the 1977 Definition and its incorporation into the Ordinance an unlawful Bill of Attainder in violation of Article I, Section 10, clause 1 of the United States Constitution?

12)    Did the City, McFarland, and Tindall violate 42 U.S.C. § 1983 by implementing a policy prohibiting the issuance of permits to TEP?

13)    Was the denial of TEP's permit request for the 2023 BoroPride Festival by the City, McFarland, and Tindall a violation of the First Amendment and 42 U.S.C. § 1983?

4

14)     Was the denial of TEP's permit request for the 2023 BoroPride Festival by the City, McFarland, and Tindall a violation of the Fourteenth Amendment and 42 U.S.C. § 1983?

15)     Is TEP entitled to a preliminary and permanent injunction against the enforcement of the Ordinance, the 1977 Definition, and/or the City policy against issuing permits to TEP?

16)     Is TEP entitled to recover compensatory damages and punitive damages against Defendants and attorneys' fees, costs, and expenses against the City, McFarland, and Tindall?

**E.     INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by no later than **November 22, 2023**. Any documents described in the initial disclosures must be produced in hard copy or electronic format by no later than **December 1, 2023.**

**F.     CASE RESOLUTION PLAN AND JOINT CASE RESOLUTION STATUS REPORTS:** The parties are encouraged to make settlement efforts throughout the pendency of this case and must make a **minimum of two independent, substantive** attempts at resolution as follows. Plaintiff must make a detailed settlement demand to Defendants by no later than December 15, 2023. Defendants must all respond to Plaintiff in detail by no later than January 5, 2024. Then, the parties must engage in substantive settlement discussions and by no later than **January 12, 2024**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.** The parties' joint reports **must state** the specific steps taken toward case

5

resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties' second attempt must be by mediation, which must be concluded by no later than **March 15, 2024**. A report of mediation, which will constitute the second required case resolution status report, must be filed in accordance with Local Rule 16.05(b) and by no later than **March 19, 2024**. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **January 12, 2024**, the parties must file a joint notice of mediation details, which confirms their selection and identity of the selected mediator and the date on which mediation is scheduled.[1] The parties may participate in additional mediation by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

  G.  **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **March 1, 2024** and otherwise on the following schedule and provisions.

---

[1] These details may be provided in the parties' first joint case resolution status report, the filing deadline for which is also January 12, 2024.

The parties' initial round of written discovery must be served on all opposing counsel by no later than **December 8, 2023**. Responses must be served by no later than **December 28, 2023**. For all other written discovery, the response time is shortened to **14 days from service**.[2] The parties must immediately discuss and set up a schedule for depositions, which must be completed by **January 31, 2024**, unless otherwise agreed to by the parties or permitted by the Court.

Discovery is not stayed during dispositive or other motions, unless ordered by the Court. The Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery disputes must be brought to the Court's attention and all discovery-related motions must be filed by no later than **March 1, 2024**, unless otherwise permitted by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which

---

[2] Counsel are encouraged to agree to accept service of discovery requests by email pursuant to Fed. R. Civ. P. 5(b)(2)(F).

identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H.      **MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties must be filed by no later than **December 14, 2023**. Any response to a motion to amend or to add parties must be filed **within 7 days** of the filing of the motion. An optional reply may be filed **within 3 business days** of the filing of the response. In all other respects, a motion to amend or to add parties must comply with Local Rules 7.01 and 15.01. Failure to comply with the requirements of this provision or with the local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must be filed by the deadline for amendment motions and must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

I.      **DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The schedule for expert disclosures and depositions is **RESERVED** for the next case management conference discussed below. Rebuttal experts and reports (after the first round) shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which

8

specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C).

J. **NEXT CASE MANAGEMENT CONFERENCE:** Promptly, and by no later than **3 business days** after the parties' status conference with Chief Judge Crenshaw to discuss a consolidated trial and preliminary injunction hearing date, the parties must file a joint motion for a case management conference to discuss the case management events for which deadlines are reserved in this initial case management order and any other scheduling or case management issues.

K. **DISPOSITIVE MOTIONS:** The filing of and schedule for dispositive motions is **RESERVED**. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages, inclusive of the statement of undisputed material facts or the response to the statement of undisputed material facts. Optional replies may not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion must first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. Before filing or responding to a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts (and response) to ensure that it is a narrow statement of facts (not opinion, argument, or legal conclusions) that are material to the outcome of the case and

are undisputed as supported by the record. In all other respects, the provisions of Local Rule 56.01 shall govern.

**L.    ELECTRONIC DISCOVERY.** The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties for electronic discovery must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**M.    MODIFICATION OF CASE MANAGEMENT ORDER.** Any motion to modify the case management order or any case management deadline must be filed at least **seven (7) days** in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel confirming that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 90 days in advance of the trial date, unless this interval is shortened by the District Judge. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4). Failure to do so may result in denial of the requested extension.

**N.     ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The **jury or bench**[3] trial of this action is expected to last **approximately 10 days**.[4] By no later than **November 15, 2023**, the parties must file a joint motion for a status conference with Chief Judge Crenshaw to discuss a combined trial and preliminary injunction hearing date and any other necessary or appropriate issues. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Chief Judge Crenshaw.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[3] Defendants have not yet determined whether they anticipate demanding a jury trial. Nor has Plaintiff made a final decision on whether to contest any jury demand by Defendants. Counsel were instructed to discuss this issue with their clients and solidify their respective positions prior to the status conference with Chief Judge Crenshaw.

[4] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.