# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| **TENNESSEE EQUALITY PROJECT FOUNDATION, INC.,** | ) ) | |
| | ) | **Case No. 3:23-cv--1044** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Judge Waverly D. Crenshaw** |
| | ) | |
| **THE CITY OF MURFREESBORO, TENNESSEE, et al.** | ) ) | **Magistrate Judge Barbara Holmes** |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

## ANSWER ON BEHALF OF CRAIG TINDALL IN HIS INDIVIDUAL CAPACITY

Defendant, Craig Tindall ("Mr. Tindall"), in his individual capacity, answers the Verified Complaint filed against him as follows:

### NATURE OF THE ACTION

1.      Mr. Tindall denies the allegations contained in paragraph 1.

2.      Upon information and belief, Mr. Tindall admits that Plaintiff, Tennessee Equality Project Foundation ("TEP"), is a non-profit organization. Mr. Tindall admits that TEP has hosted an annual BoroPride Festival in Murfreesboro, Tennessee (the "City"). Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 2.

3.      Mr. Tindall admits that the City and TEP entered into an August 2022 cooperative use agreement for TEP's BoroPride Festival in Cannonsburgh Village on September 17, 2022. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 3.

4.     Mr. Tindall admits that City Mayor Shane McFarland ("Mayor McFarland") received emails about TEP's 2022 event. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 4.

5.     Mr. Tindall admits that the BoroPride Festival took place on September 17, 2022. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 5.

6.     Upon information and belief, Mr. Tindall admits that Robby Starbuck posted a video to his Instagram showing a portion of drag performances from the 2022 BoroPride Festival. Mr. Tindall further responds that Robby Starbuck's Instagram post speaks for itself.

7.     Mr. Tindall admits the allegations contained in paragraph 7.

8.     Mr. Tindall denies the allegations contained in the first sentence of paragraph 8. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 8.

9.     Mr. Tindall denies the allegations contained in paragraph 9.

10.    Mr. Tindall denies the allegations contained in paragraph 10.

11.    Mr. Tindall admits that he sent a letter to TEP on October 17, 2022. Mr. Tindall denies that the October 17, 2022, letter contains false allegations. Mr. Tindall further responds that the October 17, 2022, letter speaks for itself.

12.    Mr. Tindall admits that he issued a Memorandum to the City's Parks & Recreation Department. Mr. Tindall further responds that the Memorandum speaks for itself.

13.    Mr. Tindall denies that TEP ever applied to the City for a permit or use agreement to host the 2023 BoroPride Festival at Cannonsburgh Village on September

16, 2023. Mr. Tindall avers that TEP chose to informally request a use agreement and engaged in negotiations for such agreement. Mr. Tindall further avers that negotiations were equally protracted by TEP.

14.     Mr. Tindall admits that TEP, through its counsel from the American Civil Liberties Union ("ACLU"), sent a communication on July 7, 2023. Mr. Tindall avers that communication speaks for itself. Mr. Tindall denies, however, that the ACLU's characterizations in the July 7, 2023, communication were accurate or correct. Mr. Tindall avers that TEP chose to informally negotiate a use agreement with the City but never formally applied for a use agreement through the Park's Department Guidelines for Special Use.

15.     Upon information and belief, Mr. Tindall admits that TEP secured a location for its BoroPride event at Middle Tennessee State University. Mr. Tindall denies that "the City failed to follow this clear and simple request." Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 15.

16.     Mr. Tindall denies the allegations contained in paragraph 16.

17.     Mr. Tindall denies the allegations contained in paragraph 17 as stated.

18.     Mr. Tindall denies the allegations contained in the first sentence of paragraph 18. With respect to the allegations contained in the second sentence of paragraph 18, Mr. Tindall states that City Ordinance 23-O-22 speaks for itself.

19.     Mr. Tindall denies the allegations contained in paragraph 19. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual

Conduct." Mr. Tindall further avers that the Ordinance did and does not subject individuals to criminal penalties.

20.     Mr. Tindall denies the allegations contained in paragraph 20.

21.     Mr. Tindall denies that the City engaged in a "targeted campaign" against TEP. Mr. Tindall further denies that it subjected TEP to bias or false allegations. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 21.

22.     Mr. Tindall denies the allegations contained in paragraph 22.

23.     Mr. Tindall denies the allegations contained in paragraph 23.

24.     Mr. Tindall denies the allegations contained in paragraph 24.

25.     Mr. Tindall denies the allegations contained in paragraph 25.

## JURISDICTION AND VENUE

26.     Mr. Tindall admits that TEP asserts claims under 42 U.S.C. § 1983 and alleges violations of the United States Constitution. Mr. Tindall admits that TEP alleges violations of the Tennessee Constitution.

27.     Mr. Tindall admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

28.     Mr. Tindall denies that this Court should exercise its discretionary supplemental jurisdiction over TEP's claims arising under the Tennessee Constitution.

29.      Mr. Tindall avers that the statutes and case law cited in paragraph 29 speak for itself.

30.     Mr. Tindall admits that this Court has personal jurisdiction over him in this case. The remaining allegations contained in paragraph 30 are not directed towards Mr. Tindall and, therefore, no response is required.

31.     Mr. Tindall admits that venue is proper in this case.

### THE PARTIES

32.     Upon information and belief, Mr. Tindall admits the allegations contained in paragraph 32.

33.     Mr. Tindall admits the allegations contained in paragraph 33.

34.     Mr. Tindall admits the allegations contained in paragraph 34.

35.     The allegations contained in paragraph 35 are not directed towards Mr. Tindall and, therefore, no response is required.

36.     Mr. Tindall admits the allegations contained in the first sentence of paragraph 36. Mr. Tindall denies the allegations contained in the second sentence of paragraph 36. Mr. Tindall admits that he has been sued in his official and personal capacity. Mr. Tindall avers that the claim against him in his official capacity is redundant and superfluous and, therefore, should be dismissed.[1]

37.     The allegations contained in paragraph 37 are not directed towards Mr. Tindall and, therefore, no response is required.

38.     The allegations contained in paragraph 38 are not directed towards Mr. Tindall and, therefore, no response is required.

39.     The allegations contained in paragraph 39 are not directed towards Mr. Tindall and, therefore, no response is required.

---

[1] *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Goodwin v. Summit* Cty., 703 F. App'x 379, 382-83 (6th Cir. 2017).

# FACTUAL ALLEGATIONS[2]

## The Tennessee Equality Project and BoroPride Festival[3]

40. Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 40. Mr. Tindall further states the reference materials contained in footnotes 2 and 3 speak for themselves.

41. Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 41. Mr. Tindall further states that the reference material contained in footnote 4 speaks for itself.

42. Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 42. Mr. Tindall further states that the reference material contained in footnote 5 speaks for itself.

43. Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence of paragraph 43. Mr. Tindall avers that the legal conclusion contained in the second sentence of paragraph 43 does not contain facts for which a response is required.

44. Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 44.

45. Mr. Tindall admits that TEP has hosted the BoroPride Festival in the City since 2016. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 45.

---

[2] Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in footnote 1.

[3] For the ease of the reader only, Mr. Tindall includes in his Answer the headings and subheadings as stated in the Complaint. Mr. Tindall does not admit the accuracy or truthfulness of the Complaint's headings or subheadings.

46. Mr. Tindall admits that TEP hosted BoroPride in the City's downtown square for five years. Mr. Tindall admits that TEP moved its event to Cannonsburgh Village in 2021. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 46. Mr. Tindall further states that the reference material contained in footnote 6 speaks for itself.

47. Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 47.

## TEP Plans the 2022 BoroPride Festival

48. Mr. Tindall denies that the City issued TEP as special use permit for its 2022 BoroPride event. Mr. Tindall avers that the City and TEP negotiated a Cooperative Use Agreement for an event advertised as "family friendly." Mr. Tindall admits that TEP paid the City $1,655.00 to rent Cannonsburgh Village. Mr. Tindall further avers that the City issued TEP a Special Limited Event Beer Permit upon application by TEP, which stated that the event would be for "all ages."

49. Mr. Tindall admits the allegations contained in paragraph 49. Mr. Tindall avers that the Cooperative Use Agreement, attached the Complaint as Exhibit A, speaks for itself. Mr. Tindall further avers that the City regularly monitors social media concerning events within the City.

50. Mr. Tindall admits the allegation contained in paragraph 50. Mr. Tindall further states that Exhibit B speaks for itself. Mr. Tindall additionally avers that the City issued TEP a Special Limited Event Beer Permit pursuant to TEP's application that stated the event would be for "all ages."

**The 2022 BoroPride Festival Featured Drag Performances**

51.     Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 51.

52.     Mr. Tindall lacks sufficient information or knowledge to admit or deny whether BoroPride Festival featured events and performances by drag artists since 2016. Mr. Tindall admits that the 2022 BoroPride Festival featured drag artists. Mr. Tindall further states that the reference material contained in footnote 7 speaks for itself.

53.     Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 53. Mr. Tindall further states that the reference material contained in footnote 8 speaks for itself.

54.     Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 54. Mr. Tindall further states that the reference material contained in footnote 9 speaks for itself.

55.     Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 55. Mr. Tindall further states that the reference materials contained in footnotes 10 and 11 speak for themselves.

56.     Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 56. Mr. Tindall further states that the reference material contained in footnote 12 speaks for itself.

57.     Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 57. Mr. Tindall further states that the reference material contained in footnote 13 speaks for itself.

58.     Mr. Tindall lacks sufficient information or knowledge to admit the allegations contained in the first sentence of paragraph 58. Mr. Tindall denies the

allegations contained in the second sentence of paragraph 58. Mr. Tindall avers that the legal conclusion contained in the sixth sentence of paragraph 58 does not contain facts which require a response. Mr. Tindall states that the reference material contained in footnote 13 speaks for itself. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 58. Mr. Tindall further states that the reference materials contained in footnotes 13, 14, and 15 speak for themselves.

### City of Murfreesboro Officials Receive Complaints from Anti-Drag Activists About the 2022 BoroPride Festival and the Planned Drag Performance

59.     Mr. Tindall denies the allegations contained in paragraph 59.

60.     Mr. Tindall states that the September 6, 2022, email, attached to the Complaint as Exhibit C, speaks for itself.

61.     Mr. Tindall states that the September 7, 2022, email, attached to the Complaint as Exhibit C, speaks for itself.

62.     Mr. Tindall states that the September 11, 2022, email speaks for itself.

63.     Upon information and belief, Mr. Tindall admits that Landon Starbuck is the wife of Robby Starbuck. Mr. Tindall lacks sufficient information or knowledge to admit or deny whether Landon Starbuck is an "anti-drag activist who spearheaded Tennessee's Adult Entertainment Act that targeted drag performances and ultimately was found unconstitutional by the U.S. District Court for the Western District of Tennessee." Mr. Tindall states that the September 14, 2022, email speaks for itself.

**The 2022 BoroPride Festival is a Success, but**
**City Officials Receive More Complaints from Anti-Drag Activists**

64.     Mr. Tindall admits that the BoroPride event took place on Saturday, September 7, 2022. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 64.

65.     Mr. Tindall admits that the City issued no arrests or citations directly in connection with TEP's event. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 65.

66.     Upon information and belief, Mr. Tindall admits that Robby Starbuck posted a video of BoroPride drag performances to his Instagram account. Mr. Tindall further states that the post speaks for itself.

67.     Upon information and belief, Mr. Tindall admits that Sarah Mac sent an email to Mayor McFarland on September 22, 20222. Mr. Tindall further states that the email speaks for itself.

68.     Upon information and belief, Mr. Tindall admits that Mayor McFarland responded to Sarah Mac's email. Mr. Tindall further states that the email speaks for itself. Mr. Tindall denies the remaining allegations contained in paragraph 68.

69.     Upon information and belief, Mr. Tindall admits that Mayor McFarland sent an email to Sarah Mac. Mr. Tindall further states that the email speaks for itself. Mr. Tindall denies the remaining allegations contained in paragraph 69.

70.     Upon information and belief, Mr. Tindall admits that Mayor McFarland sent an email to him, City Attorney Adam Tucker, and Parks and Recreation Director Angela Jackson. Mr. Tindall further states that the email speaks for itself.

## The City Establishes an Official Policy
## Denying the Issuance of ANY Future Permits to TEP

71.     Mr. Tindall admits that he sent a letter to TEP on October 17, 2022. Mr. Tindall states the letter speaks for itself.

72.     Mr. Tindall denies the allegations contained in paragraph 72.

73.     Mr. Tindall admits that he circulated a memo to City Parks and Recreation officials. Mr. Tindall states the memo speaks for itself. Mr. Tindall denies that the circulation of the memo prohibits the issuance of permits to TEP.

74.     Mr. Tindall admits that he circulated the letter to Mayor McFarland, Vice-Mayor Shacklett, and the City Council. Mr. Tindall states that the correspondence speaks for itself. Mr. Tindall denies that he made false claims. Mr. Tindall denies that his letter was final and adopted by the City.

## City Manager Tindall Denies TEP's Request for a Permit to Host
## the 2023 BoroPride Festival at the Cannonsburgh Village Location

75.     Mr. Tindall denies the allegation contained in paragraph 75 as stated. Mr. Tindall avers that TEP did not request a special event permit but that the City provide TEP a use agreement. Mr. Tindall further avers that the City engaged in negotiations with TEP but no formal application for a use agreement was submitted by TEP as required by the Parks Department Guidelines for Special Use to invoke the process and procedures provided by those Guidelines.

76.     Mr. Tindall states that the communication referenced in paragraph 76 speaks for itself.

77.     Mr. Tindall admits that Director Williams forwarded him the email. Mr. Tindall denies the remaining allegations contained in paragraph 77.

78.     Mr. Tindall denies the allegations contained in paragraph 78.

79.     Mr. Tindall denies there was a pending permit application by TEP. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 79. Mr. Tindall further avers that City representatives met with TEP's representatives from the ACLU on more than one occasion and requested further information from TEP, which its representatives failed to provide.

80.     Mr. Tindall admits that TEP's counsel sent an email to the City on May 12, 2023, and the City responded on May 22, 2023. Mr. Tindall states that those emails speak for themselves. Mr. Tindall denies the remaining allegations contained in paragraph 80.

81.     Mr. Tindall admits that attorneys for the City sent an email on May 22, 2023. Mr. Tindall states that the email speaks for itself. Mr. Tindall avers that attorneys for the City were continuing to discuss a use agreement with TEP's counsel via email, an avenue of communication chosen by TEP. Mr. Tindall denies the remaining allegations contained in paragraph 81.

82.     Mr. Tindall admits that he sent a letter to Leslie Yost on June 1, 2023. Mr. Tindall states that the letter speaks for itself. Mr. Tindall denies that he "finally responded to TEP's permit request via letter." Mr. Tindall further avers that that any protracted nature of discussions were equally caused by TEP and/or its representatives.

83.     Mr. Tindall states that his June 1, 2023, letter speaks for itself. Mr. Tindall denies the remaining allegations contained in paragraph 83. Mr. Tindall avers that events ceased to be scheduled at Cannonsburgh Village due to planned roadwork and other construction in the area, with the exception of very small events or those solely controlled by the City.

84.     Mr. Tindall states that his letter to Ms. Yost speaks for itself.

85.     Mr. Tindall admits that a request for a meeting was made. Mr. Tindall denies the remaining allegations contained in paragraph 85 as stated.

86.     Mr. Tindall admits that the ACLU sent a letter via email to attorneys for the City. Mr. Tindall states that the letter speaks for itself. Mr. Tindall denies the accuracy of the information contained in the letter.

87.     Mr. Tindall admits that the City's attorney sent TEP a letter on July 20, 2023. Mr. Tindall states that the letter speaks for itself. Mr. Tindall denies that the letter "demanded" anything.

88.     Mr. Tindall denies the allegations contained in paragraph 88. Mr. Tindall further avers that the requirements for a use agreement are clearly set forth in the application for a use agreement in the City's Parks and Recreation Department's Guidelines for Special Use available to TEP on the City's website.

89.     Mr. Tindall denies the allegations contained in paragraph 89.

90.     Mr. Tindall denies the allegations contained in paragraph 90.

91.     Mr. Tindall denies the allegations contained in paragraph 91.

92.     Mr. Tindall lacks sufficient information or knowledge to admit or deny the first, second, and third sentences of paragraph 92. Mr. Tindall denies the allegations contained in the fourth sentence of paragraph 92.

93.     Mr. Tindall denies that the allegations contained in paragraph 93 occurred because of the City's actions. Mr. Tindall denies that the City has discriminatory policies. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 93.

94.     Mr. Tindall denies the allegations contained in paragraph 94.

## The City Enacts a Thinly-Veiled Drag Ban in the
## Form of City Ordinances 23-O-22

95.     Mr. Tindall denies the allegations contained in paragraph 95.

96.     Mr. Tindall admits the allegations contained in paragraph 96.

97.     Mr. Tindall admits that the Ordinance became effective on June 30, 2023. Mr. Tindall states that the Ordinance speaks for itself.

98.     Mr. Tindall states that the Ordinance speaks for itself.

99.     Mr. Tindall denies that the Ordinance includes a vague and sweepingly broad definition of "indecent behavior." Mr. Tindall states that the Ordinance speaks for itself.

100.    Mr. Tindall denies the allegations contained in the first sentence of paragraph 100. With respect to the allegations contained in the second sentence of paragraph 100, Mr. Tindall states that the Ordinance speaks for itself.  The remaining questions in paragraph 100 do not contain factual allegations which require a response.

101.    Mr. Tindall admits that the definition incorporates the 1977 Definition. However, Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

102.    Mr. Tindall states that the Ordinance speaks for itself.

103.    Mr. Tindall states that the Ordinance speaks for itself.

104.    Mr. Tindall states that the Ordinance speaks for itself.

105.    Mr. Tindall denies the allegations contained in paragraph 105.

106.    Mr. Tindall denies the allegations contained in paragraph 106.  Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C)

and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

107.    Mr. Tindall denies the allegations contained in paragraph 107.

108.    Mr. Tindall denies the allegations in paragraph 108.

### Legislative History Shows Murfreesboro City Ordinance 23-O-22 was Enacted to Erase Drag Performances from Public Spaces

109.    Mr. Tindall states that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Mr. Tindall denies that the Ordinance contains constitutional flaws. Mr. Tindall avers that statements made by one council member are not an admission on behalf of the City.

110.    Mr. Tindall states that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Mr. Tindall denies that the Ordinance contains constitutional flaws. Mr. Tindall avers that statements made by one council member are not an admission on behalf of the City.

111.    Mr. Tindall states that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Mr. Tindall denies that the Ordinance contains constitutional flaws. Mr. Tindall avers that statements made by one council member are not an admission on behalf of the City.

112.    Mr. Tindall states that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Mr. Tindall denies that the Ordinance contains

constitutional flaws. Mr. Tindall avers that statements made by one council member are not an admission on behalf of the City.

113.    Mr. Tindall states that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Mr. Tindall denies that the Ordinance contains constitutional flaws. Mr. Tindall avers that statements made by one council member are not an admission on behalf of the City.

114.    Mr. Tindall denies the allegations contained in the first, second, and third sentences of paragraph 114. Mr. Tindall lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 114.

### Plaintiff is Suffering Ongoing and Irreparable Harm to Its Constitutional Rights

115.    Mr. Tindall denies the allegations contained in paragraph 115.

116.    Mr. Tindall denies the allegations contained in paragraph 116.

117.    Mr. Tindall denies the allegations contained in paragraph 117.

118.    Mr. Tindall denies the allegations contained in paragraph 118.

119.    Mr. Tindall denies the allegations contained in paragraph 119.

120.    Mr. Tindall denies the allegations contained in paragraph 120.

121.    Mr. Tindall denies the allegations contained in paragraph 121.

122.    Mr. Tindall denies the allegations contained in paragraph 122.

### CLAIMS RELATED TO THE ORDINANCE

### FIRST CAUSE OF ACTION

### Violation of the First Amendment – Content-Based and Viewpoint-Based Discrimination (All Defendants)

123.     Mr. Tindall incorporates his responses to paragraphs 1-122 as if fully set forth herein.

124.     Mr. Tindall denies the allegations contained in paragraph 124.

125.     Mr. Tindall denies the allegations contained in paragraph 125.

126.     Mr. Tindall denies the allegations contained in paragraph 126.

127.     Mr. Tindall denies the allegations contained in paragraph 127.

128.     Mr. Tindall denies the allegations contained in paragraph 128.

129.     Mr. Tindall denies the allegations contained in paragraph 129.

130.     Mr. Tindall denies the allegations contained in paragraph 130.

131.     Mr. Tindall denies the allegations contained in paragraph 131.

132.     Mr. Tindall denies the allegations contained in paragraph 132.

### SECOND CAUSE OF ACTION

### Violation of the First Amendment – Overbreadth
### (All Defendants)

133.     Mr. Tindall incorporates his responses to paragraphs 1-132 as if fully set forth herein.

134.     Mr. Tindall denies the allegations contained in paragraph 134.

135.     Mr. Tindall avers that the case law cited in paragraph 135 speaks for itself.

136.     Mr. Tindall avers that the case law cited in paragraph 136 speaks for itself.

137.     Mr. Tindall avers that the legal conclusion contained in paragraph 137 does not contain factual allegations that require a response.

138.     Mr. Tindall denies the allegations contained in paragraph 138.

139.     Mr. Tindall denies the allegations contained in paragraph 139.

140.     Mr. Tindall denies the allegations contained in paragraph 140.

141.     Mr. Tindall denies the allegations contained in paragraph 141.

142.     Mr. Tindall denies the allegations contained in paragraph 142.

## THIRD CAUSE OF ACTION

### Violation of the First and Fourteenth Amendments – Vagueness
### (All Defendants)

143.     Mr. Tindall incorporates his responses to paragraphs 1-142 as if fully set forth herein.

144.     Mr. Tindall denies the allegations contained in paragraph 144.

145.     Mr. Tindall avers that the case law cited in paragraph 145 speaks for itself.

146.     Mr. Tindall avers that the case law cited in paragraph 146 speaks for itself.

147.     Mr. Tindall avers that the case law cited in the first sentence of paragraph 147 speaks for itself. Mr. Tindall states that the Ordinance speaks for itself.

148.     Mr. Tindall avers that the case law cited in paragraph 148 speaks for itself.

149.     Mr. Tindall avers that the text of the Ordinance speaks for itself.

150.     Mr. Tindall denies the allegations contained in paragraph 150.

151.     Mr. Tindall denies the allegations contained in paragraph 151.

152.     Mr. Tindall denies the allegations contained in paragraph 152.

153.     Mr. Tindall denies the allegations contained in paragraph 153.

154.     Mr. Tindall denies the allegations contained in paragraph 154.

## **FOURTH CAUSE OF ACTION**

**Violation of the Fourteenth Amendment – Equal Protection Violation
Based on Sex and Sexual Orientation Discrimination
(All Defendants)**

155.    Mr. Tindall incorporates his responses to paragraphs 1-154 as if fully set forth herein.

156.    Mr. Tindall denies the allegations contained in paragraph 156.

157.    Mr. Tindall avers that the text of the Fourteenth Amendment speaks for itself.

158.    Mr. Tindall denies the allegations contained in paragraph 158.

159.    Mr. Tindall avers that the case law cited in paragraph 159 speaks for itself.

160.    Mr. Tindall avers that the legal conclusion contained in paragraph 160 does not require factual allegations that require a response.

161.    Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 161.

162.    Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 162.

163.    Mr. Tindall denies the allegations contained in paragraph 163.

164.    Mr. Tindall denies the allegations contained in paragraph 164.

165.    Mr. Tindall denies the allegations contained in paragraph 165.

166.    Mr. Tindall denies the allegations contained in paragraph 166.

167.    Mr. Tindall denies the allegations contained in paragraph 167.

168.    Mr. Tindall avers that the case law cited in paragraph 168 speaks for itself.

169.    Mr. Tindall avers that the case law cited in paragraph 169 speaks for itself.

170.    Mr. Tindall denies the allegations contained in paragraph 170.

171.    Mr. Tindall denies that the City has taken action to prevent LGBTQ+ events or homosexuality. Mr. Tindall avers that the case law cited in the second sentence of paragraph 171 speaks for itself.

172.    Mr. Tindall denies the allegations contained in paragraph 172.

### FIFTH CAUSE OF ACTION

### Violation of Article I, § 19 of the Constitution of the State of Tennessee - Content-Based and Viewpoint-Based Discrimination (All Defendants)

173.    Mr. Tindall incorporates his responses to paragraphs 1-172 as if fully set forth herein.

174.    Mr. Tindall denies the allegations contained in paragraph 174.

175.    Mr. Tindall avers that the case law cited in paragraph 175 speaks for itself.

176.    Mr. Tindall denies the allegations contained in paragraph 176.

177.    Mr. Tindall denies the allegations contained in paragraph 177.

178.    Mr. Tindall denies the allegations contained in paragraph 178.

179.    Mr. Tindall denies the allegations contained in paragraph 179.

180.    Mr. Tindall denies the allegations contained in paragraph 180.

181.    Mr. Tindall denies the allegations contained in paragraph 181.

182.    Mr. Tindall denies the allegations contained in paragraph 182.

183.    Mr. Tindall denies the allegations contained in paragraph 183.

## SIXTH CAUSE OF ACTION

**Violation of Article I, § 8 and Article XI, § 8 of the Constitution
of the State of Tennessee – Equal Protection Violation Based on
Sex and Sexual Orientation Discrimination
(All Defendants)**

184.     Mr. Tindall incorporates his responses to paragraphs 1-183 as if fully set forth herein.

185.     Mr. Tindall denies the allegations contained in paragraph 185.

186.     Mr. Tindall avers that the case law cited in paragraph 186 speaks for itself.

187.     Mr. Tindall avers that the case law cited in paragraph 187 speaks for itself.

188.     Mr. Tindall avers that the case law cited in paragraph 188 speaks for itself.

189.     Mr. Tindall denies the allegations contained in paragraph 189.

190.     Mr. Tindall denies the allegations contained in paragraph 190.

191.     Mr. Tindall denies the allegations contained in paragraph 191.

192.     Mr. Tindall denies the allegations contained in the first sentence of paragraph 192. Mr. Tindall avers that the case law cited in paragraph 192 speaks for itself.

193.     Mr. Tindall avers that the case law cited in paragraph 193 speaks for itself.

194.     Mr. Tindall avers that the case law cited in paragraph 194 speaks for itself.

195.      Mr. Tindall denies the allegations contained in paragraph 195.

196.     Mr. Tindall admits the allegations contained in the first sentence of paragraph 196. Mr. Tindall avers that the case law cited in the second sentence of paragraph 196 speaks for itself.

197.     Mr. Tindall denies the allegations contained in paragraph 197.

**CLAIMS RELATING TO THE 1977 DEFINITION'S INCLUSION OF
"HOMOSEXUALITY" AS PROHIBITED "SEXUAL CONDUCT"
IN MURFREESBORO CITY CODE SECTION 21-71**

**SEVENTH CAUSE OF ACTION**
**Violation of Article I, § 19 of the Constitution of the State of Tennessee -
Content-Based and Viewpoint-Based Discrimination
(All Defendants)**

198.    Mr. Tindall incorporates his responses to paragraphs 1 – 197 as if fully set forth herein.

199.    Mr. Tindall denies the allegations contained in paragraph 199. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

200.    Mr. Tindall denies the allegations contained in paragraph 200. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

201.    Mr. Tindall admits the allegations contained in paragraph 201. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

202.    Mr. Tindall avers that the case law cited in paragraph 202 speaks for itself.

203.    Mr. Tindall denies the allegations contained in paragraph 203. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

204.    Mr. Tindall denies the allegations contained in paragraph 204. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

205.    Mr. Tindall avers that the case law cited in the first sentence of paragraph 205 speaks for itself. Mr. Tindall denies the allegations contained in the second sentence of paragraph 205. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

206.    Mr. Tindall avers that the case law cited in paragraph 206 speaks for itself.

207.    Mr. Tindall denies the allegations contained in paragraph 207. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

208.    Mr. Tindall admits that the City has no interest in preventing "homosexuality." Mr. Tindall denies the remaining allegations contained in paragraph 208. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

209.    Mr. Tindall denies the allegations contained in paragraph 209. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

210.     Mr. Tindall denies the allegations contained in paragraph 210. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

211.     Mr. Tindall denies the allegations contained in paragraph 211. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

212.     Mr. Tindall denies the allegations contained in paragraph 212. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

## SEVENTH CAUSE OF ACTION
### Violation of the Fourteenth Amendment – Equal Protection Violation Related to Explicit Categorization of "Homosexuality" (All Defendants)

213.     Mr. Tindall incorporates his responses to paragraphs 1-212 as if fully stated herein.

214.     Mr. Tindall denies the allegations contained in paragraph 214. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

215.     Mr. Tindall denies the allegations contained in paragraph 215. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C)

and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

216. Mr. Tindall denies the allegations contained in paragraph 216. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

217. Mr. Tindall avers that the Fourth Amendment speaks for itself.

218. Mr. Tindall denies the allegations contained in paragraph 218. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

219. Mr. Tindall avers that the case law cited in paragraph 219 speaks for itself.

220. Mr. Tindall denies the allegations contained in the first sentence of paragraph 220. Mr. Tindall avers that the case law cited in paragraph 220 speaks for itself.

221. Mr. Tindall avers that the case law cited in paragraph 221 speaks for itself.

222. Mr. Tindall avers that the case law cited in paragraph 222 speaks for itself.

223. Mr. Tindall denies the allegations contained in paragraph 223. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

224. Mr. Tindall admits that the City has no interest in preventing homosexuality. Mr. Tindall avers that the case law cited in paragraph 224 speaks for itself.

225. Mr. Tindall denies the allegations contained in paragraph 225. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C)

and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

## NINTH CAUSE OF ACTION
**Violation of Article I, § 19 of the Constitution of the State of Tennessee - Content-Based and Viewpoint-Based Discrimination Related to Explicit Categorization of "Homosexuality" (All Defendants)**

226.    Mr. Tindall incorporates his responses to paragraphs 1 – 225 as if fully stated herein.

227.    Mr. Tindall denies the allegations contained in paragraph 227. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

228.    Mr. Tindall denies the allegations contained in paragraph 228. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

229.    Mr. Tindall denies the allegations contained in paragraph 229. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

230.    Mr. Tindall avers that the case law cited in paragraph 230 speaks for itself.

231.    Mr. Tindall denies the allegations contained in paragraph 231. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

232. Mr. Tindall denies the allegations contained in paragraph 232. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

233. Mr. Tindall avers that the case law cited in the first sentence of paragraph 233 speaks for itself. Mr. Tindall denies the allegations contained in the second sentence of paragraph 233. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

234. Mr. Tindall avers that the case law cited in paragraph 234 speaks for itself.

235. Mr. Tindall denies the allegations contained in paragraph 235. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

236. Mr. Tindall admits that the City has no interest in preventing homosexuality. Mr. Tindall denies the remaining allegations contained in paragraph 236. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

237. Mr. Tindall denies the allegations contained in paragraph 237. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

238.    Mr. Tindall denies the allegations contained in paragraph 238. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

239.    Mr. Tindall denies the allegations contained in paragraph 239. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

240.    Mr. Tindall denies the allegations contained in paragraph 240. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

## TENTH CAUSE OF ACTION
### Violation of Article I, § 8 and Article XI, § 8 of the Constitution of the State of Tennessee – Equal Protection Violation Related to Explicit Categorization of "Homosexuality"
### (All Defendants)

241.    Mr. Tindall incorporates his responses to paragraphs 1 – 240 as if fully stated herein.

242.    Mr. Tindall denies the allegations contained in paragraph 242. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

243.    Mr. Tindall denies the allegations contained in paragraph 243. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C)

and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

244.    Mr. Tindall denies the allegations contained in paragraph 244. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

245.    Mr. Tindall avers that the Tennessee Constitution speaks for itself.

246.    Mr. Tindall avers that the case law cited in paragraph 246 speaks for itself.

247.    Mr. Tindall denies the allegations contained in paragraph 247. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

248.    Mr. Tindall avers that the case law cited in paragraph 248 speaks for itself.

249.    Mr. Tindall avers that the case law cited in paragraph 249 speaks for itself.

250.    Mr. Tindall denies the allegations contained in paragraph 250. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

251.    Mr. Tindall admits that the City has no interest in preventing homosexuality. Mr. Tindall avers that the case law cited in the second sentence of paragraph 251 speaks for itself.

252.    Mr. Tindall avers that the case law cited in paragraph 252 speaks for itself.

253.    Mr. Tindall denies the allegations contained in paragraph 253. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C)

and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

**ELEVENTH CAUSE OF ACTION**
**Violation of U.S. Constitution Article I, Section 10, Clause 1-**
**Bill of Attainder"**
**(All Defendants)**

254. Mr. Tindall incorporates his responses to paragraphs 1-253 as if fully stated herein.

255. Mr. Tindall denies the allegations contained in paragraph 255. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

256. Mr. Tindall avers that the U.S. Constitution speaks for itself.

257. Mr. Tindall denies the allegations contained in paragraph 257. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

258. Mr. Tindall avers that the case law cited in paragraph 258 speaks for itself.

259. Mr. Tindall denies the allegations contained in paragraph 259. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

260. Mr. Tindall denies the allegations contained in paragraph 260. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C)

and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

261.     Mr. Tindall avers that the case law cited in paragraph 261 speaks for itself.

262.     Mr. Tindall admits the allegations contained in paragraph 262.

263.     Mr. Tindall denies the allegations contained in paragraph 263. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

264.     Mr. Tindall denies the allegations contained in paragraph 264. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

265.     Mr. Tindall denies the allegations contained in the first sentence of paragraph 265. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct." Mr. Tindall avers that the case law cited in the second sentence of paragraph 265 speaks for itself.

266.     Mr. Tindall denies the allegations contained in paragraph 266. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

267.     Mr. Tindall denies the allegations contained in paragraph 267. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C)

and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

268.     Mr. Tindall denies the allegations contained in paragraph 268. Mr. Tindall avers that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

<u>**CLAIMS RELATING TO THE CITY'S POLICY PROHIBITING**</u>
<u>**PERMITS FOR TEP**</u>
<u>**TWELFTH CAUSE OF ACTION**</u>
**42 U.S.C. § 1983**
**Violation of the First Amendment – Prior Restraint and Retaliation**
**(City Policy against Issuing Future Permits to TEP)**
**(Defendants City of Murfreesboro, McFarland, Tindall)**

269.     Mr. Tindall incorporates his responses to paragraphs 1-268 as if fully set forth herein.

270.     Mr. Tindall denies the allegations contained in paragraph 270.

271.     Mr. Tindall admits that Mayor McFarland received emails from citizens regarding the BoroPride. Mr. Tindall lacks sufficient information or knowledge to admit or deny to whom Mayor McFarland forwarded emails. Mr. Tindall avers that Mayor McFarland's emails, attached to the Complaint, speak for themselves. Mr. Tindall denies the remaining allegations contained in paragraph 271.

272.     Mr. Tindall denies the allegations contained in paragraph 272.

273.     Mr. Tindall denies the allegations contained in paragraph 273.

274.     Mr. Tindall denies the allegations contained in paragraph 274.

275.     Mr. Tindall denies the allegations contained in paragraph 275.

276.     Mr. Tindall denies the allegations contained in paragraph 276.

277.     Mr. Tindall denies the allegations contained in paragraph 277.

278.     Mr. Tindall denies the allegations contained in paragraph 278.

279.     Mr. Tindall denies that Plaintiff is entitled to compensatory or punitive damages or attorney's fees. Mr. Tindall denies constitutional violations.

**THIRTEENTH CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Violation of the First Amendment – Infringement of Free Speech**
**and Retaliation**
**(Denial of TEP Permit for 2022 BoroPride)**
**(Defendants City of Murfreesboro, McFarland, Tindall)**

280.     Mr. Tindall incorporates his responses to paragraphs 1-279 as if fully set forth herein.

281.     Mr. Tindall denies the allegations contained in paragraph 281.

282.     Mr. Tindall denies the allegations contained in paragraph 282.

283.     Mr. Tindall denies the allegations contained in paragraph 283.

284.     Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 284.

285.     Mr. Tindall denies the allegations contained in paragraph 285.

286.     Mr. Tindall denies the allegations contained in paragraph 286.

287.     Mr. Tindall denies the allegations contained in paragraph 287.

288.     Mr. Tindall denies the allegations contained in paragraph 288.

289.     Mr. Tindall denies the allegations contained in paragraph 289.

290.     Mr. Tindall denies the allegations contained in paragraph 290.

291.     Mr. Tindall denies the allegations contained in paragraph 291.

292.     Mr. Tindall denies the allegations contained in paragraph 292.

293.     Mr. Tindall denies that Plaintiff is entitled to compensatory or punitive damages or attorney's fees. Mr. Tindall denies constitutional violations.

## FOURTEENTH CAUSE OF ACTION
## 42 U.S.C. § 1983
## Violation of the Fourteenth Amendment – Equal Protection Violation
## (Defendants City of Murfreesboro, McFarland, Tindall)

294.    Mr. Tindall incorporates his responses to paragraphs 1-293 as if fully set forth herein.

295.    Mr. Tindall denies the allegations contained in paragraph 295.

296.    Mr. Tindall denies the allegations contained in paragraph 296.

297.    Mr. Tindall denies the allegations contained in paragraph 297.

298.    Mr. Tindall lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 298.

299.    Mr. Tindall denies the allegations contained in paragraph 299.

300.    Mr. Tindall denies the allegations contained in paragraph 300.

301.    Mr. Tindall denies the allegations contained in paragraph 301.

302.    Mr. Tindall denies the allegations contained in paragraph 302.

303.    Mr. Tindall denies the allegations contained in paragraph 303.

304.    Mr. Tidnall denies the allegations contained in paragraph 304.

305.    Mr. Tindall denies the allegations contained in paragraph 305.

306.    Mr. Tindall denies the allegations contained in paragraph 306.

307.    Mr. Tindall denies the allegations contained in paragraph 307.

308.    Mr. Tindall denies that Plaintiff is entitled to compensatory or punitive damages or attorney's fees. Mr. Tindall denies constitutional violations.

## PRAYER FOR RELIEF

Mr. Tindall denies that TEP is entitled to its prayer for relief.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     No act or omission on behalf of Mr. Tindall violated or interfered with TEP's rights as alleged.

3.     To the extent that TEP has properly stated a cause of action under 42 U.S.C. § 1983 against Mr. Tindall, he is entitled to qualified immunity from monetary damages and/or absolute immunity in this matter.

4.     Mr. Tindall requests that he be awarded attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. §1988 and as otherwise provided by law.

5.     Mr. Tindall demands a jury of twelve (12) persons to try all issues joined in this cause. To the extent a twelve (12) person jury is not available in Federal Court, Mr. Tindall asserts that he should receive a jury of the maximum number of permissible jurors, and without limiting the foregoing, a jury of no fewer than eight (8).

6.     Mr. Tindall specifically reserves the right to amend this pleading and plead further depending on the facts that become available during discovery.

WHEREFORE, having answered the allegations within the Complaint and having set forth affirmative defenses, Mr. Tindall respectfully requests that this action be dismissed, and costs taxed to TEP.

Respectfully submitted,

*/s/ Cassandra M. Crane*
Kristin E. Berexa, BPR NO. 14833
Cassandra M. Crane, BPR NO. 34889
**FARRAR | BATES | BEREXA**
12 Cadillac Drive, Ste. 480
Brentwood, TN 37027
(615) 254-3060
kberexa@fbb.law
ccrane@fbb.law

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 15th day of November 2023 a true and correct copy of the foregoing Answer of Craig Tindall in his Individual Capacity has been forwarded via the Court's electronic filing system to:

J. Alex Little
BURR FORMAN LLP
222 Second Avenue, South, Suite 2000
Nashville, TN 37201
alex.little@burr.com

*Attorney for Plaintiff*

Stella Yarbrough
Lucas Cameron-Vaughn
Jeff Preptit
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org

*Attorney for Plaintiff*

Li Nowlin-Sohl
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street
New York, NY 10004
lnowlin-sohl@aclu.org

*Attorneys for the Plaintiff*

Robert M. Burns
Samantha Burnett
HOWELL & FISHER, PLLC
3310 West End Aveue, Ste. 550
Nashville, TN 37203
rburns@howell-fisher.com
SBurnett@howell-fisher.com

*Attorneys for City of Murfreesboro,
 Tennessee*

*/s/ Cassandra M. Crane*
Cassandra M. Crane