**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE**

| | | |
|---|---|---|
| **TENNESSEE EQUALITY PROJECT FOUNDATION, INC.,** | ) | |
| | ) | **Case No. 3:23-cv-1044** |
| **Plaintiff,** | ) | |
| | ) | **Judge Waverly D. Crenshaw** |
| **v.** | ) | **Magistrate Judge Barbara Holmes** |
| | ) | |
| **THE CITY OF MURFREESBORO, TENNESSEE, et al.,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

---

**ANSWER OF DEFENDANTS CITY OF MURFREESBORO, THE CITY COUNCIL OF MURFREESBORO, AND INDIVIDUALS IN THEIR OFFICIAL CAPACITIES**

---

Defendants City of Murfreesboro, Tennessee; the City Council of Murfreesboro, Tennessee; Shane McFarland, in his official capacity; Craig G. Tindall, in his official capacity; Michael Bowen, in his official capacity; Kevin Jones, in his official capacity; Jami Averwater, in her official capacity; Madelyn Scales Harris, in her official capacity; Austin Maxwell, in his official capacity; Kirt Wade, in his official capacity; and Shawn Wright, in his official capacity, by and through undersigned counsel, answers the Plaintiff's Complaint filed against them as follows:

**NATURE OF THE ACTION**

1-25. To the extent that the statements contained in ¶ 1-25 of the Complaint are an introduction or a mere assertion as to what Plaintiff is basing this lawsuit on or claiming what happened to it, no response is required. Otherwise, to the extent these same statements constitute allegations against these Defendants, they deny the same.

## JURISDICTION AND VENUE

26.     Defendants admit that TEP asserts claims under 42 U.S.C. § 1983 and alleges violations of the United States Constitution. Defendants admit that TEP alleges violations of the Tennessee Constitutions.

27.     Defendants admit that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

28.     Defendants deny that this Court should exercise its discretionary supplemental jurisdiction over TEP's claims arising under the Tennessee Constitution.

29.     Defendants admit the allegations contained in ¶ 29.

30.     Defendants admit the allegations contained in ¶ 30.

31.     Defendants admit the allegations contained in ¶ 31.

## THE PARTIES

32.     Upon information and belief, Defendants admit the allegations contained in ¶ 32.

33.     Defendants admit the allegations contained in ¶ 33.

34.     Defendants admit the allegations contained in ¶ 34.

35.     Defendants admit the allegations contained in ¶ 35. Defendants aver that the claim against Mayor McFarland in his official capacity is redundant and superfluous and, therefore, should be dismissed.[1]

36.     Defendants admit the allegation contained in the first sentence of ¶ 36. Defendants deny the allegation contained in the second sentence of ¶ 36. Defendants admit the allegation contained in the third sentence of ¶ 36. Defendants aver that the claim against Mr. Tindall in his official capacity is redundant and superfluous and, therefore, should be dismissed.[2]

37.     Defendants admit the allegations contained in ¶ 37.

---

[1] See Kentucky v. Graham, 473 U.S. 159 (1985); Goodwin v. Summit Cty., 703 F. App'x 379, 382-83 (6th Cir. 2017).
[2] See *id.*

38. Defendants admit the allegations contained in ¶ 38.

39. Defendants admit the allegations contained in ¶ 39.

## FACTUAL ALLEGATIONS[3]

### The Tennessee Equality Project and BoroPride Festival[4]

40. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in ¶ 40. Defendants further state the reference materials contained in footnotes 2 and 3 speak for themselves.

41. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in ¶ 41. Defendants further state the reference material contained in footnote 4 speaks for itself.

42. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in ¶ 42. Defendants further state the reference material contained in footnote 5 speaks for itself.

43. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in ¶ 43. To the extent ¶ 43 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied.

44. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in ¶ 44.

45. Defendants admit that TEP has hosted the BoroPride Festival in the City since 2016. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 45.

[3] Defendants lack sufficient information or knowledge to admit or deny the allegations contained in footnote 1.
[4] For organization and clarity, Defendants are incorporating the headers used by Plaintiff in its Complaint. However, to the extent the headers allege or infer any liability on the part of Defendants, they are denied.

46. Defendants admit that TEP hosted BoroPride in the City's downtown square for five years. Defendants admit that TEP moved its event to Cannonsburgh Village in 2021. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 46. Defendants further state that the reference material contained in footnote 6 speaks for itself.

47. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in ¶ 47.

**TEP Plans the 2022 BoroPride Festival**[5]

48. Defendants deny that the City issued TEP a special use permit for its 2022 BoroPride event. Defendants aver that the City and TEP negotiated a Cooperative Use Agreement for an event advertised as "family friendly." Defendants admit that TEP paid the City $1,655.00 to rent Cannonsburgh Village. Defendants further aver that the City issued TEP a Special Limited Event Beer Permit upon application by TEP, which stated that the event would be for "all ages."

49. Defendants admit the allegations contained in ¶ 49. Defendants aver that the Cooperative Use Agreement, attached as Exhibit A, speaks for itself. Defendants further aver that the City regularly monitors social media concerning events within the City.

50. Defendants admit the allegation contained in ¶ 50. Defendants further state that Exhibit B speaks for itself. Defendants additionally aver that the City issued TEP a Special Limited Event Beer Permit pursuant to TEP's application that stated the event would be for "all ages."

---

[5] *See* footnote 4.

**The 2022 BoroPride Festival Featured Drag Performers**[6]

51. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in ¶ 51.

52. Defendants are without sufficient information or knowledge to admit or deny whether BoroPride Festival featured events and performances by drag artists since 2016. Defendants admit that the 2022 BoroPride Festival featured drag artists. Defendants further state that the reference material contained in footnote 7 speaks for itself.

53. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in ¶ 53. Defendants further state that the reference material contained in footnote 8 speaks for itself.

54. Defendants are without sufficient information or knowledge to admit or deny the factual allegations contained in ¶ 54. Defendants further state that the reference material contained in footnote 9 speaks for itself.

55. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in ¶ 55. Defendants further state that the reference material contained in footnotes 10 and 11 speak for themselves.

56. Defendants are without sufficient information or knowledge to admit or deny the allegation contained in ¶ 56. Defendants further state that the reference material contained in footnote 12 speaks for itself.

57. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in ¶ 57. Defendants further state that the reference material contained in footnote 13 speaks for itself.

---

[6] *See* footnote 4.

58. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in the first sentence of ¶ 58. Defendants deny the allegations contained in the second sentence of ¶ 58. Defendants state the reference material contained in footnotes 14, 15, and 16 speak for themselves. To the extent ¶ 58 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied.

**City of Murfreesboro Officials Receive Complaints from Anti-Drag Activists About the 2022 BoroPride Festival and the Planned Drag Performances[7]**

59. Defendants deny as stated the allegations contained in ¶ 59.

60. Defendants state the September 6, 2022 email, attached as Exhibit C, speaks for itself.

61. Defendants state the September 6, 2022 email, attached as Exhibit C, speaks for itself.

62. Defendants state the September 11, 2022 email speaks for itself.

63. Upon information and belief, Defendants admit that Landon Starbuck is the wife of Robby Starbuck. Defendants are without sufficient information or knowledge to admit or deny whether Landon Starbuck is an "anti-drag activist who spearheaded Tennessee's Adult Entertainment Act that targeted drag performances." Defendants state that the September 14, 2022 email speaks for itself.

**The 2022 BoroPride Festival is a Success, but City Officials Receive More Complaints from Anti-Drag Activists[8]**

64. Defendants admit that the BoroPride event took place on Saturday, September 7, 2022. Defendants are without sufficient information or knowledge to admit or deny the remaining factual allegations contained in the first sentence of ¶ 64.

[7] *See* footnote 4.
[8] *See* footnote 4.

65. Defendants admit that the City issued no arrests or citations directly in connection with TEP's events. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 65.

66. Upon information and belief, Defendants admit the allegations contained in ¶ 66. Defendants further state the post speaks for itself.

67. Upon information and belief, Defendants admit the allegations contained in ¶ 67. Defendants further state that the email speaks for itself.

68. Defendants admit the quoted email contained in ¶ 68 is accurate. Defendants further state the email speaks for itself. Defendants deny the remaining allegations contained in ¶ 68.

69. Defendants admit the quoted email contained in ¶ 69 is accurate. Defendants further state that the email speaks for itself. Defendants deny the remaining factual allegations contained in ¶ 69.

70. Defendants admit the allegations contained in ¶ 70. Defendants further state that the email speaks for itself.

**The City Establishes an Official Policy Denying the Issuance of ANY Future Permits to TEP**[9]

71. Defendants admit the quoted material in ¶ 71 accurately reflects the October 17, 2022 letter sent by Tindall. Defendants further state the letter speaks for itself.

72. Defendants deny the allegations contained in ¶ 72.

73. Defendants admit Mr. Tindall circulated a memo to City Parks and Recreation officials. Defendants state the memo speaks for itself. Defendants deny the issuance of the memo prohibits the issuance of permits to TEP.

[9] *See* footnote 4.

74. Defendants admit Mr. Tindall circulated the letter to Mayor McFarland, Vice-Mayor Shacklett, and the City Council. Defendants state that the correspondence speaks for itself. Defendants deny that Mr. Tindall made false claims. Defendants deny that Mr. Tindall's letter was final and adopted by the City.

**City Manager Tindall Denies TEP's Request for a Permit to Host the 2023 BoroPride Festival at the Cannonsburgh Village Location[10]**

75. Defendants deny the allegation contained in ¶ 75 as stated. Defendants aver that TEP did not request a special event permit but that the City provide TEP a use agreement. Defendants further aver that the City engaged in negotiations with TEP but no formal application for a use agreement was submitted by TEP as required by the Parks Department Guidelines for Special Use to invoke the process and procedures provided by those Guidelines.

76. Defendants state that the communication referenced in ¶ 76 speaks for itself.

77. Defendants admit that Director Williams forwarded Mr. Tindall the email. Defendants deny the remaining allegations contained in ¶ 77.

78. Defendants deny the allegations contained in ¶ 78.

79. Defendants deny there was a pending permit application by TEP. Defendants aver that City representatives met with TEP representatives from the ACLU on more than one occasion and requested further information from TEP, which its representatives failed to provide.

80. Defendants admit that TEP's counsel sent an email to the City on May 12, 2023 and the City responded on May 22, 2023. Defendants aver that those emails speak for themselves. Defendants deny the remaining allegations contained in ¶ 80.

---

[10] *See* footnote 4.

81. Defendants admit that attorneys for the City sent an email on May 22, 2023. Defendants state that the email speaks for itself. Defendants aver that the attorneys for the City were continuing to discuss a use agreement with TEP's counsel via email, an avenue of communication chosen by TEP. Defendants deny the remaining allegations contained in ¶ 81.

82. Defendants admit that Mr. Tindall sent a letter to Leslie Yost on June 1, 2023. Defendants state the letter speaks for itself. Defendants deny that Mr. Tindall "finally responded to TEP's permit request via letter." Defendants further aver that any protracted nature of discussions were equally caused by TEP and/or its representatives.

83. Defendants state that the June 1, 2023 letter speaks for itself. Defendants deny the remaining allegations contained in ¶ 83. Defendants aver that events ceased to be scheduled at Cannonsburgh Village due to planned roadwork and other construction in the area, with the exception of very small events or those solely controlled by the City.

84. Defendants state that Mr. Tindall's letter speaks for itself.

85. Defendants admit that a request for a meeting was made. Defendants deny the remaining allegations in ¶ 85.

86. Defendants admit that the ACLU sent a letter via email to attorneys representing the City. Defendants state that the letter speaks for itself. Defendants deny the accuracy of the information contained in the letter.

87. Defendants admit that the City's attorney sent TEP a letter on July 20, 2023. Defendants state that the letter speaks for itself. Defendants deny that the letter "demanded" anything.

88. Defendants deny the allegations contained in ¶ 88. Defendants further aver that the requirements for a use agreement are clearly set forth in the application for a use agreement

in the City's Parks and Recreation Department's Guidelines for Special Use available to TEP on the City's website.

89. Defendants deny the allegations contained in ¶ 89.

90. Defendants deny the allegations contained in ¶ 90.

91. Defendants deny the allegations contained in ¶ 91.

92. Defendants lack sufficient information or knowledge to admit or deny the first, second, and third sentences contained in ¶ 92. Defendants deny the allegations contained in the fourth sentence of ¶ 92.

93. Defendants deny that the allegations contained in ¶ 93 occurred because of the City's actions. Defendants deny that the City has discriminatory policies. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 93.

94. Defendants deny the allegations contained in ¶ 94.

**The City Enacts a Thinly-Veiled Drag Ban in the Form of City Ordinance 23-O-22**[11]

95. Defendants deny the allegations contained in ¶ 95.

96. Defendants admit the allegations contained in ¶ 96.

97. Defendants admit the Ordinance became effective on June 30, 2023. Defendants state that the Ordinance speaks for itself.

98. Defendants state that the Ordinance speaks for itself.

99. Defendants deny that the Ordinance includes a vague and sweepingly broad definition of "indecent behavior." Defendants state that the Ordinance speaks for itself.

[11] *See* footnote 4.

Case 3:23-cv-01044 Document 39 Filed 11/15/23 Page 10 of 25 PageID #: 391

100. Defendants deny the allegations contained in the first sentence of ¶ 100. With respect to the allegations contained in the second sentence of ¶ 100, Defendants state that the Ordinance speaks for itself. The remaining questions are not factual allegations requiring a response.

101. Defendants admit that the definition incorporates the 1977 Definition. However, Defendants aver that the City passed Ordinance 21-O-31 which amends the City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

102. Defendants state that the Ordinance speaks for itself.

103. Defendants state that the Ordinance speaks for itself.

104. Defendants state that the Ordinance speaks for itself.

105. Defendants deny the allegations contained in ¶ 105.

106. Defendants deny the allegations contained in ¶ 106. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

107. Defendants deny the allegations contained in ¶ 107.

108. Defendants deny the allegations contained in ¶ 108.

**Legislative History Shows Murfreesboro City Ordinance 23-O-22 was Enacted to Erase Drag Performances from Public Spaces**[12]

109. Defendants state that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Defendants deny that the Ordinance contains constitutional flaws.

[12] *See* footnote 4.

Defendants aver that statements made by one council member are not an admission on behalf of the City.

110.  Defendants state that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Defendants deny that the Ordinance contains constitutional flaws. Defendants aver that statements made by one council member are not an admission on behalf of the City.

111.  Defendants state that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Defendants deny that the Ordinance contains constitutional flaws. Defendants aver that statements made by one council member are not an admission on behalf of the City.

112.  Defendants state that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Defendants deny that the Ordinance contains constitutional flaws. Defendants aver that statements made by one council member are not an admission on behalf of the City.

113.  Defendants state that Vice-Mayor Shacklett's comments during the June 15, 2022, City Council meeting are captured by a recording (see link included in footnote 21) and speak for themselves. Defendants deny that the Ordinance contains constitutional flaws. Defendants aver that statements made by one council member are not an admission on behalf of the City.

114. Defendants deny the allegations contained in the first, second, and third sentences of ¶ 114. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 114.

**Plaintiff is Suffering Ongoing and Irreparable Harm to Its Constitutional Rights**[13]

115. Defendants deny the allegations contained in ¶ 115.

116. Defendants deny the allegations contained in ¶ 116.

117. Defendants deny the allegations contained in ¶ 117.

118. Defendants deny the allegations contained in ¶ 118.

119. Defendants deny the allegations contained in ¶ 119.

120. Defendants deny the allegations contained in ¶ 120.

121. Defendants deny the allegations contained in ¶ 121.

122. Defendants deny the allegations contained in ¶ 122.

## CLAIMS RELATING TO THE ORDINANCE

### FIRST CAUSE OF ACTION
**Violation of the First Amendment – Content-Based and Viewpoint-Based Discrimination**
**(All Defendants)**

123. Defendants incorporate their responses to ¶ 1-122 as if fully set forth herein.

124-132. Defendants deny the allegations contained in ¶ 124-132.

### SECOND CAUSE OF ACTION
**Violation of the First Amendment – Overbreadth**
**(All Defendants)**

133. Defendants incorporate their responses to ¶ 1-132 as if fully set forth herein.

134. Defendants deny the allegations contained in ¶ 134.

135. Defendants aver that the case law cited in ¶ 135 speaks for itself.

[13] *See* footnote 4.

136. Defendants aver that the case law cited in ¶ 136 speaks for itself.

137-142. Defendants deny the allegations contained in ¶ 137-142.

**THIRD CAUSE OF ACTION**
**Violation of the First and Fourteenth Amendments – Vagueness**
**(All Defendants)**

143. Defendants incorporate their responses to ¶ 1-142 as if fully set forth herein.

144. Defendants deny the allegations contained in ¶ 144.

145-146. Defendants aver that the case law cited in ¶ 145-146 speaks for itself.

147. Defendants aver that the case law cited in the first sentence of ¶ 147 speaks for itself. Defendants state that the Ordinance speaks for itself.

148. Defendants aver that the case law cited in ¶ 148 speaks for itself.

149. Defendants aver that the text of the Ordinance speaks for itself.

150-154. Defendants deny the allegations contained in ¶ 150-154.

**FOURTH CAUSE OF ACTION**
**Violation of the Fourteenth Amendment – Equal Protection Violation Based on Sex and Sexual Orientation Discrimination**
**(All Defendants)**

155. Defendants incorporate their responses to ¶ 1-154 as if fully set forth herein.

156. Defendants deny the allegations contained in ¶ 156.

157. Defendants aver that the text of the Fourteenth Amendment speaks for itself.

158. Defendants deny the allegations contained in ¶ 158.

159. Defendants aver that the case law cited in ¶ 159 speaks for itself.

160. Defendants aver that ¶ 160 contains a legal conclusion that does not require a response.

161. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in ¶ 161.

162. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in ¶ 162.

163-167. Defendants deny the allegations contained in ¶ 163-167.

168-169. Defendants aver that the case law cited in ¶ 168-169 speaks for itself.

170. Defendants deny the allegations contained in ¶ 170.

171. Defendants deny that the City has taken action to prevent LGBTQ+ events or homosexuality. Defendants aver that the case law cited in the second sentence of ¶ 171 speaks for itself.

172. Defendants deny the allegations contained in ¶ 172.

**FIFTH CAUSE OF ACTION**
**Violation of Article I, § 19 of the Constitution of the State of Tennessee – Content-Based and Viewpoint-Based Discrimination**
**(All Defendants)**

173. Defendants incorporate their responses to ¶¶ 1-172 as if fully set forth herein.

174. Defendants deny the allegations contained in ¶ 174.

175. Defendants aver that the case law cited in ¶ 175 speaks for itself.

176-183. Defendants deny the allegations contained in ¶ 176-183.

**SIXTH CAUSE OF ACTION**
**Violation of Article 1, § 8 and Article XI, § 8 of the Constitution of the State of Tennessee – Equal Protection Violation Based on Sex and Sexual Orientation Discrimination**
**(All Defendants)**

184. Defendants incorporate their responses to ¶ 1-183 as if fully set forth herein.

185. Defendants deny the allegations contained in ¶ 185.

186-188. Defendants aver that the case law cited in ¶ 186-188 speaks for itself.

189-191. Defendants deny the allegations contained in ¶ 189-191.

192. Defendants deny the allegations contained in the first sentence of ¶ 192. Defendants aver that the case law cited in ¶ 192 speaks for itself.

193-194. Defendants aver that the case law cited in ¶ 193-194 speaks for itself.

195. Defendants deny the allegations contained in ¶ 195.

196. Defendants admit the allegations contained in the first sentence of ¶ 196. Defendants aver that the case law cited in the second sentence of ¶ 196 speaks for itself.

197. Defendants deny the allegations contained in ¶ 197.

**CLAIMS RELATING TO THE 1977 DEFINITION'S INCLUSION OF "HOMOSEXUALITY" AS PROHIBITED "SEXUAL CONDUCT" IN MURFREESBORO CITY CODE SECTION 21-71**

**SEVENTH CAUSE OF ACTION**
**Violation of the First Amendment – Content-Based and Viewpoint-Based Discrimination Related to Explicit Categorization of "Homosexuality"**
**(All Defendants)**

198. Defendants incorporate their responses to ¶¶ 1-197 as if fully set forth herein.

199-200. Defendants deny the allegations contained in ¶ 199-200. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

201. Defendants admit the allegations contained in ¶ 201. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

202. Defendants aver that the case law cited in ¶ 202 speaks for itself.

203-204. Defendants deny the allegations contained in ¶ 203-204. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

205. Defendants aver that the case law cited in the first sentence of ¶ 205 speaks for itself. Defendants deny the allegations contained in the second sentence of ¶ 205. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

206. Defendants aver that the case law cited in ¶ 206 speaks for itself.

207. Defendants deny the allegations contained in ¶ 207. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

208. Defendants admit that the City has no interest in preventing "homosexuality." Defendants deny the remaining allegations in ¶ 208. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

209-212. Defendants deny the allegations contained in ¶ 209-212. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

**EIGHTH CAUSE OF ACTION**
**Violation of the Fourteenth Amendment – Equal Protection Violation Related to Explicit Categorization of "Homosexuality"**
**(All Defendants)**

213. Defendants incorporate their responses to ¶¶ 1-212 as if fully set forth herein.

214-216. Defendants deny the allegations contained in ¶ 214-216. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

217. Defendants aver that the Fourteenth Amendment speaks for itself.

Case 3:23-cv-01044 Document 39 Filed 11/15/23 Page 17 of 25 PageID #: 398

218. Defendants deny the allegations contained in ¶ 218. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

219. Defendants aver that the case law cited in ¶ 219 speaks for itself.

220. Defendants deny the allegations contained in the first sentence of ¶ 220. Defendants aver that the case law cited in ¶ 220 speaks for itself.

221-222. Defendants aver that the case law cited in ¶ 221-222 speaks for itself.

223. Defendants deny the allegations contained in ¶ 223. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

224. Defendants admit that the City has no interest in preventing homosexuality. Defendants aver that the case law cited in ¶ 224 speaks for itself.

225. Defendants deny the allegations contained in ¶ 225. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

## NINTH CAUSE OF ACTION

**Violation of Article I, § 19 of the Constitution of the State of Tennessee – Content-Based and Viewpoint-Based Discrimination Related to Explicit Categorization of "Homosexuality"**
**(All Defendants)**

226. Defendants incorporate their responses to ¶¶ 1-225 as if fully set forth herein.

227-229. Defendants deny the allegations contained in ¶ 227-229. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

230. Defendants aver that the case law cited in ¶ 230 speaks for itself.

231-232. Defendants deny the allegations contained in ¶ 231-232. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

233. Defendants aver that the case law cited in the first sentence of ¶ 233 speaks for itself. Defendants deny the allegations contained in the second sentence of ¶ 233. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

234. Defendants aver that the case law cited in ¶ 234 speaks for itself.

235. Defendants deny the allegations contained in ¶ 235. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

236. Defendants admit that the City has no interest in preventing homosexuality. Defendants deny the remaining allegations contained in ¶ 236. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

237-240. Defendants deny the allegations contained in ¶ 237-240. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

**TENTH CAUSE OF ACTION**
**Violation of Article I, § 8 and Article XI, § 8 of the Constitution of the State of Tennessee – Equal Protection Violation Related to Explicit Categorization of "Homosexuality"**
**(All Defendants)**

241. Defendants incorporate their responses to ¶¶ 1-240 as if fully set forth herein.

242-244. Defendants deny the allegations contained in ¶ 242-244. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

245. Defendants aver that the Tennessee Constitution speaks for itself.

246. Defendants aver that the case law cited in ¶ 246 speaks for itself.

247. Defendants deny the allegations contained in ¶ 247. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

248-249. Defendants aver that the case law cited in ¶ 248-249 speaks for itself.

250. Defendants deny the allegations contained in ¶ 250. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

251. Defendants admit that the City has no interest in preventing homosexuality. Defendants aver that the case law cited in the second sentence of ¶ 251 speaks for itself.

252. Defendants aver that the case law cited in ¶ 252 speaks for itself.

253. Defendants deny the allegations contained in ¶ 253. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

## ELEVENTH CAUSE OF ACTION
**Violation of U.S. Constitution Article I, Section 10, Clause 1 – Bill of Attainder**
**(All Defendants)**

254. Defendants incorporate their responses to ¶¶ 1-253 as if fully set forth herein.

255. Defendants deny the allegations contained in ¶ 255. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

256. Defendants aver that the U.S. Constitution speaks for itself.

257. Defendants deny the allegations contained in ¶ 257. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

258. Defendants aver that the case law cited in ¶ 258 speaks for itself.

259-260. Defendants deny the allegations contained in ¶ 259-260. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

261. Defendants aver that the case law cited in ¶ 261 speaks for itself.

262. Defendants admit the allegations contained in ¶ 262.

263-264. Defendants deny the allegations contained in ¶ 263-264. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

265. Defendants deny the allegations contained in the first sentence of ¶ 265. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct." Defendants aver that the case law cited in the second sentence of ¶ 265 speaks for itself.

Case 3:23-cv-01044 Document 39 Filed 11/15/23 Page 21 of 25 PageID #: 402

266-268. Defendants deny the allegations contained in ¶ 266-268. Defendants aver that the City passed Ordinance 23-O-31 which amends City Code Section 21-23(C) and Section 21-71 by deleting the word "homosexuality" from the definition of "Sexual Conduct."

**CLAIMS RELATING TO THE CITY'S POLICY PROHIBITING PERMITS FOR TEP**

**TWELFTH CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Violation of the First Amendment – Prior Restraint and Retaliation**
**(City Policy Against Issuing Future Permits to TEP**
**Defendants City of Murfreesboro, McFarland, Tindall)**

269. Defendants incorporate their responses to ¶¶ 1-268 as if fully set forth herein.

270. Defendants deny the allegations contained in ¶ 270.

271. Defendants admit that Mayor McFarland received emails from citizens regarding the BoroPride event and that the emails were forwarded. Defendants aver that Mayor McFarland's emails, attached to the Complaint, speak for themselves. Defendants deny the remaining allegations in ¶ 271.

272-278. Defendants deny the allegations contained in ¶ 272-278.

279. Defendants deny that Plaintiff is entitled to compensatory or punitive damages or attorney's fees. Defendants deny constitutional violations.

**THIRTEENTH CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Violation of the First Amendment – Infringement on Free Speech and Retaliation**
**(Denial of TEP Permit for 2023 BoroPride)**
**(Defendants City of Murfreesboro, McFarland, Tindall)**

280. Defendants incorporate their responses to ¶¶ 1-279 as if fully set forth herein.

281-283. Defendants deny the allegations contained in ¶ 281-283.

284. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in ¶ 284.

285-292. Defendants deny the allegations contained in ¶ 285-292.

293. Defendants deny that Plaintiff is entitled to compensatory or punitive damages or attorney's fees. Defendants deny constitutional violations.

**FOURTEENTH CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Violation of the Fourteenth Amendment – Equal Protection Violation**
**(Defendant City of Murfreesboro, McFarland, Tindall)**

294. Defendants incorporate their responses to ¶¶ 1-293 as if fully set forth herein.

295-297. Defendants deny the allegations contained in ¶ 295-297.

298. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in ¶ 298.

299-307. Defendants deny the allegations contained in ¶ 299-307.

308. Defendants deny that Plaintiff is entitled to compensatory or punitive damages or attorney's fees. Defendants deny constitutional violations.

**PRAYER FOR RELIEF**

Defendants deny that TEP is entitled to its prayer for relief.

**AFFIRMATIVE DEFENSES**

1. To the extent that Plaintiff's Complaint in this action fails to state a claim upon which relief can be granted against the Defendants, this Court should dismiss the Complaint in its entirety or the non-sufficient specific allegations.
2. No act or omission on behalf of Defendants deprived Plaintiff of any interest protected by the Federal Constitution, the Constitution of the State of Tennessee, or any other applicable federal or state statutes or laws.
3. No custom, policy, or practice of the City existed which contributed to the alleged violation of Plaintiff's constitutional rights.

4. Defendants are not liable to Plaintiff for attorney's fees, costs, or any other form of damage or relief requested in this action.
5. Defendants ask they be awarded attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. § 1988 and as otherwise provided as well.
6. The Defendants demand a jury to try this action.
7. Defendants specifically request that any trial be bifurcated so that the issue of whether any individual Defendant violated Plaintiff's rights is determined prior to the issues alleged against the City.
8. The Complaint fails to state a claim upon which relief can be granted with regard to punitive damages against the City, and therefore, Plaintiff's request for punitive damages should be dismissed.
9. Defendants specifically reserve the right to amend this pleading and plead further depending on the facts that become available during discovery.

WHEREFORE, now having fully answered the Complaint, these Defendants pray that Plaintiff takes nothing by way of the filing of this action, that this Court dismiss Plaintiff's claims with prejudice and that this Court assess all costs and discretionary costs against the Plaintiff, and to the extent permissible by law, this Court tax these Defendants' attorneys' fees and costs against the Plaintiff pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

/s/ ***Samantha A. Burnett***
Robert M. Burns, #15383
Samantha A. Burnett, #37250
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
sburnett@howell-fisher.com
(615) 921-5228

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed electronically on this the 15th day of November 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to:

| | |
|---|---|
| Alex Little, # 029858<br>Burr Forman LLP<br>222 Second Avenue South, Suite 2000<br>Nashville, TN 37201<br>alex.little@burr.com<br><br>Stella Yarbrough, # 033637<br>Lucas Cameron-Vaughn, # 036284<br>Jeff Preptit, # 038451<br>ACLU Foundation of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>syarbrough@aclu-tn.org<br>lucas@aclu-tn.org<br>jpreptit@aclu-tn.org<br><br>Li Nowlin-Sohl, (*pro hac*)<br>American Civil Liberties Union Foundation<br>125 Broad St.<br>New York, NY 10004<br>lnowlin-sohl@aclu.org<br><br>Michael P. Robotti, (*pro hac*)<br>Jacquelyn N. Schell, (*pro hac*)<br>Catherine I. Seibel, (*pro hac*)<br>D. Alan White, (*pro hac*)<br>Andrew M. Hensley, (*pro hac*)<br>Ballard Spahr LLP<br>1675 Broadway, 19th Floor<br>New York, NY 10019-5820<br>robottim@ballardspahr.com<br>schellj@ballardspahr.com<br>seibelc@ballardspahr.com<br>whiteda@ballardspahr.com<br>hensleyd@ballardspahr.com<br><br>D. Alan White, (*pro hac*)<br>BALLARD SPAHR LLP<br>999 Peachtree Street NE, Suite 1600<br>Atlanta, GA 30309<br>Ph: (678) 420-9300<br>whiteda@ballardspahr.com | Kristin Berexa, #14833<br>Cassandra M. Crane, #34889<br>FARRAR & BATES, LLP<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027<br>kberexa@fbb.law<br>ccrane@fbb.law<br>*Attorney for Defendants McFarland & Tindall, in their individual capacities* |

**/s/ *Samantha A. Burnett***