# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| TENNESSEE EQUALITY PROJECT FOUNDATION, INC., | ) ) |
| | ) Case No. 3:23-cv-01044 |
| Plaintiff, | ) |
| | ) Judge Waverly D. Crenshaw |
| v. | ) |
| | ) Magistrate Judge Barbara Holmes |
| THE CITY OF MURFREESBORO, TENNESSEE, et al. | ) ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS FILED ON BEHALF OF INDIVIDUAL DEFENDANTS

In its response brief, Plaintiff Tennessee Equality Project Foundation, Inc. ("TEP") clarifies that it is not seeking monetary relief[1] against Mayor McFarland, in his individual capacity, in Counts One through Eleven of the Complaint. Therefore, it is not necessary for the Court to consider legislative immunity with respect to those claims. (D.E. 37, PageID #353-356.) The only issues that remain are: (1) whether TEP plausibly alleges facts in the Complaint that Mayor McFarland's own actions caused purported constitutional violations;[2] and (2) whether TEP's official capacity claims are unnecessary

---

[1] TEP additionally represents that it is not seeking monetary relief from *any* party with respect to Counts One through Eleven of the Complaint.

[2] TEP repeatedly makes issue that Mayor McFarland has not argued in his 12(b)(6) motion to dismiss whether the Complaint alleges underlying constitutional violations. The issues raised by Mayor McFarland are not dependent on whether TEP adequately alleges underlying constitutional violations. To the extent that Mayor McFarland is not dismissed, he has not waived the ability to make additional arguments on summary judgment. *Cent. States, Southeast & Southwest Areas Health & Welfare Fund v. First Agency, Inc.*, 756 F.3d 954, 959 (6th Cir. 2014) ("[O]ther defenses, most importantly failure to state a claim to relief, remain stout until the end of the trail despite the defendant's pleading-stage silence").

1

and redundant. The Individual Defendants have nothing to add on the second point and rely on well-established Sixth Circuit precedent cited in their opening brief. There is no risk that an injunction against the City will be legally insufficient to enjoin the local government officials who enforce the Ordinance.

With respect to the individual capacity claims against Mayor McFarland, TEP's factual allegations (rather than legal conclusions) in the Complaint are minimal. The Complaint alleges that Mayor McFarland received emails from two constituents expressing their concern about the BoroPride event, and McFarland forwarded the emails to City officials. (D.E. 1, PageID # 16-18, ¶¶ 61, 63, 67.) The Complaint further alleges that Mayor McFarland responded to one constituent that "I am looking into this video. This is disturbing." (D.E. 1, PageID #19, ¶ 70.) TEP next alleges that Mayor McFarland received correspondence from City Manager Tindall that he would exercise his authority to deny TEP's future permit requests. (D.E. 1, PageID #19, ¶ 71.) That's the sum of it.[3] The Complaint does not allege that Mayor McFarland makes decisions – or even has the authority to make or direct decisions – regarding event permit requests. Based upon these thin allegations, TEP concludes that Mayor McFarland took affirmative actions to violate its First Amendment rights. Specifically, TEP claims that Mayor McFarland "implicitly" approved the City Manager's alleged decision to deny TEP permits.

As a threshold matter, TEP has not alleged in the Complaint that Mayor McFarland is City Manager Tindall's supervisor. In its response, TEP claims that City Manager

---

[3] In their response, TEP attaches an additional email which is not referenced or attached to the Complaint wherein City Manager Tindall forwarded a copy of a denial letter to Mayor McFarland prior to sending the same to TEP. TEP claims it will rely upon this email if it amends the Complaint. To the extent TEP amends its Complaint to add allegations regarding this email, it establishes, at most, that Mayor McFarland was aware of the denial letter before it was sent and did not act.

4889-3969-6021, v. 1

Tindall is Mayor McFarland's "subordinate" in his "administration." (D.E. 47, PageID #529.) TEP apparently believes that a city mayor in Tennessee is akin to a state governor or the President of the United States who has an "administration." That is not the case. As set forth in the City's Charter, the "mayor shall preside at all meetings of the council, shall have a seat, a voice, and a vote, but no veto powers, and shall be recognized as the official head of the city for all ceremonial purposes . . ." Murfreesboro, Tenn., City Charter, Art. VI, § 31.[4] The City Manager is the administrative head of the City who is chosen by City Council as a whole. Murfreesboro, Tenn., City Charter, Art. VII, § 37. Nothing in the City Charter or City Code provides the City Mayor with authority to unilaterally direct the City Manager regarding administrative decisions.

Even if TEP amends its Complaint to somehow establish that Mayor McFarland is the City Manager's supervisor – which it cannot – it has not alleged sufficient facts that Mayor McFarland's *own* affirmative acts violated its rights under the First Amendment. Supervisory officials cannot be liable in their individual capacities unless they "encourage the specific incident of misconduct or in some other way directly participated in it," or at the very least knowingly acquiesced in the underlying unconstitutional conduct.

---

[4] Pursuant to the Federal Rules of Evidence, a court may take judicial notice of certain facts at any time if a party requests it, and the court is supplied with the necessary information. Fed. R. Evd. 201(b) and (c). The Sixth Circuit has deemed it proper to take judicial notice of a City Charter even if Plaintiff did not reference or attach the Charter in his complaint. *Hughes v. City of Wayne*, 2023 U.S. App. LEXIS 10201, *fn 3 (6th Cir. April 26, 2023); *see* also *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (holding that "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment"). Mayor McFarland respectfully requests that this Court take judicial notice of the City of Murfreesboro's City Charter, which is publicly available on the City's website as part of the City's Code. *See* https://library.municode.com/tn/murfreesboro/codes/code_of_ordinances?nodeId=PTICHLA

4889-3969-6021, v. 1

*Heyerman v. County of Calhoun,* 680 F.3d 642, 647 (6th Cir. 2012); *see also Bass v. Robinson*, 167 F.3d 1041, 1047-48 (6th Cir. 1999)(holding in an excessive force case that supervisory liability must be based upon "active unconstitutional behavior," such as encouraging or participating in the specific unconstitutional conduct). "To prove acquiescence, it is not enough to show that the actor merely failed to act against misconduct of which he was aware." *Flagg v. City of Detroit*, 715 F. 3d 165, 174.

In the Complaint, the sole affirmative action taken by Mayor McFarland is forwarding emails from constituents to the administrative head of the City. Even if TEP amends its Complaint to include the email attached to its response, it can allege – at most – that Mayor McFarland was aware of City Manager Tindall's alleged denial letter to TEP and did not act to stop it. Under *Flagg*, a mere failure to act does not create liability for a supervisor.

Based on the foregoing, the Complaint fails to plausibly allege that Mayor McFarland affirmatively acted to violate TEP's constitutional rights. The claims against Mayor McFarland are ripe for dismissal.

Respectfully submitted,

/s/ *Cassandra M. Crane*
Kristin E. Berexa, BPR NO. 14833
Cassandra M. Crane, BPR NO. 34889
FARRAR | BATES | BEREXA
12 Cadillac Drive, Ste. 480
Brentwood, TN 37027
(615) 254-3060
kberexa@fbb.law
ccrane@fbb.law

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 6th day of December, 2023 a true and correct copy of the foregoing has been forwarded via the Court's electronic filing system to:

J. Alex Little
Burr Forman LLP
222 Second Avenue, South, Suite 2000
Nashville, TN  37201
alex.little@burr.com

*Attorneys for Plaintiff*

Michael P. Robotti (pro hac vice)
Jacquelyn N. Schell (pro hac vice)
Catherine I. Seibel (pro hac vice)
D. Alan White (pro hac vice)
Andrew M. Hensley (pro hac vice)
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
(212) 223-0200
robottim@ballardspahr.com
schellj@ballardspahr.com
seibelc@ballardspahr.com
whiteda@ballardspahr.com
hensleyd@ballardspahr.com

*Attorneys for Plaintiff*

Li Nowlin-Sohl
American Civil Liberties Union
 Foundation
125 Broad Street
New York, NY 10004
lnowlin-sohl@aclu.org

*Attorneys for the Plaintiff*

Stella Yarbrough
Lucas Cameron-Vaughn
Jeff Preptit
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN  37212
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org

*Attorneys for Plaintiff*

Robert M. Burns
Samantha Burnett
Howell & Fisher, PLLC
3310 West End Aveue, Ste. 550
Nashville, TN 37203
rburns@howell-fisher.com
SBurnett@howell-fisher.com

*Attorneys for City of Murfreesboro, Tennessee*

/s/  Cassandra M. Crane
Cassandra M. Crane

4889-3969-6021, v. 1